**BROWNE et al. v. ROWSEY.**

No. 27842. Jan. 18, 1938.

West & Davidson, for plaintiffs in error.

Thomas J. Wiley, for defendant in error.

DAVISON, J. The plaintiffs in error, as plaintiffs, instituted this action in the district court of Tulsa county against the sheriff of Tulsa county, W. E. Rowsey, and others to enjoin the sale of certain lands under order of sale issued against the same. The cause was tried upon an agreed statement of facts and record evidence. The defendant W. E. Rowsey interposed a demurrer to the evidence, which was by the court sustained, and judgment was rendered dissolving a temporary injunction theretofore granted and denying the prayers for injunction. From that judgment the plaintiffs have appealed.

The facts seem to be that O. F. Parks was a resident of Texas. He died on January, 1911, and left a will making his wife, Laura Parks, trustee. At the time of his death Parks was seized in fee of the land involved in this action. Laura Parks is the widow and Oakley Fay Parks Browne, Annie L. Neilson, nee Parks, Goldie Ray Schneider, nee Parks, Dorothy K. Odeneal, nee Parks, and Oscar Lonnie Parks, the plaintiffs, are the children of O. F. Parks, deceased.

Laura Parks, trustee of the estate, executed a deed to the land and signed same, "Laura Parks, individually and as trustee and independent executrix of the will of O. F. Parks, deceased," whereby she conveyed the land to H. W. Sanderson, who executed and delivered a mortgage on the same to J. C. Culbertson in the sum of $8,000. Culbertson assigned this mortgage to Seth B. Atwood. Thereafter the Dickason-Goodman Lumber Company commenced an action in the district court of Tulsa county to foreclose a mechanic's lien on the land, wherein Laura Parks, H. W. Sanderson, J. A. Creel, and Seth Atwood were made defendants. A judgment for fore-

closure was entered subject to the mortgage.

Seth Atwood filed a cross-petition in the suit asking for foreclosure of his mortgage on the land and a decree of foreclosure was granted. The judgment thereon was not appealed from. Later, Seth Atwood assigned this judgment to the defendant W. E. Rowsey, who caused 'an order of sale to issue thereon and the sheriff of Tulsa county commenced proceedings for sale of the land, and the plaintiffs commenced this action to enjoin the sale.

The rights of the parties under various mortgages and conveyances pertaining to various parcels of land belonging to this estate made under the alleged authority of the will have been before this court several times. Parks v. LeFeber, 162 Okla. 265, 20 P. (2d) 179; Parks v. LeFeber, 163 Okla. 6, 20 P. (2d) 184; Parks v. Illinois Life Insurance Co., 176 Okla. 63, 54 P. (2d) 392; Parks v. Producers National Bank of Tulsa, 176 Okla. 67, 54 P. (2d) 398.

The only question presented here seems to be whether or not the plaintiffs were necessary parties to the action of the Dickason-Goodman Lumber Company of Chicago, Ill., v. Laura Parks, for foreclosure of a mechanic's lien wherein the cross-petition of Seth B. Atwood was filed for foreclosure of his mortgage and a judgment entered therein authorizing foreclosure which is asked to be enjoined. The plaintiffs were not made parties in either proceeding.

The plaintiffs contend that they were necessary parties and having failed to make them parties, and they not having entered their appearance therein, the judgment authorizing foreclosure is void as to them.

We deem it unnecessary to insert herein the lengthy provisions of the will which have occupied considerable space in the former opinions relative to this estate cited herein.

In Parks v. LeFeber, supra, in both cases, it was held:

"Record examined, and held, that the last will and testament of O. F. Parks, deceased, created a trust in the property composing his estate and constituted Laura Parks trustee thereof with power as trustee to sell and dispose of any portion of the estate, she to be the exclusive judge of the property to be sold and of the necessity for the sale."

In Parks v. Illinois Life Insurance Company of Chicago, Ill., supra, this court, interpreting the same section of the will which contains the provision:

"I desire and I hereby give my full management and control of my estate with authority to sell and make deed or deeds of conveyance to any part or parts thereof, for the purpose of maintaining herself and our children, and for the purpose of reinvestment and to reinvest same as to her may seem for the best interest of our estate, and I hereby give her full authority to reinvest any part of said estate as to her may seem for the best interest of my estate, so long as she remains a widow, or so long as she may desire to hold the community estate together, she to be the exclusive judge of the necessity to sell, and of the kind of investment to be made"

—held that this section of the will is broad enough to give the trustee power and authority to mortgage the real estate described in said will.

The trustee, acting under her authority granted by the provisions of the will, may sell the land as trustee and invest the proceeds of the sale as she may desire and is the exclusive judge of the necessity therein, and, as held by this court, is further vested with authority to mortgage the land which, upon default, would necessarily be subject to foreclosure sale.

With the authority under the will granting the trustee the right to sell the land and invest the proceeds as she may desire and the trustee having sold the land and the mortgage in question having been made by the grantee of the land, we can see no good reason why this court should hold that the judgment obtained for foreclosure of the mortgage would be void as to the plaintiffs for failing to make the plaintiffs herein, the children of the testator, parties to the foreclosure proceedings of mechanic's lien or foreclosure of mortgage.

We hold that the petition for injunction to prevent the sale should be disallowed. The judgment of the trial court is affirmed.

OSBORN, C. J., and RILEY, GIBSON, and PHELPS, JJ., concur.