Joseph C. CAMPBELL, Jr., Appellant-Attempted Intervenor,

Oklahoma City Urban Renewal Authority, Plaintiff-Appellee,

v.

Ward T. EDINGER et al., Defendant-Appellee.

No. 51989.

Supreme Court of Oklahoma.

Feb. 26, 1980.

John H. Kennedy, Oklahoma City, for appellant-attempted intervenor.

James D. Batchelor, Jerry L. Salyer, Barry W. Johnson, Craig L. Rainey, Oklahoma City, for plaintiff-appellee.

William F. Collins, Jr., McClelland, Collins, Sheehan, Bailey, Bailey & Manchester, Oklahoma City, for defendant-appellee.

DOOLIN, Justice:

In 1976, the Oklahoma City Urban Renewal Authority (Authority) filed proceedings to condemn the Hales Building and an adjacent cafeteria. Legal title to these buildings was in trust under the will of W. T. Hales, deceased. Trustees are Ward T. Edinger and the First National Bank and Trust Company of Oklahoma City (Trustees). Service was obtained on some fifteen defendants including numerous tenants as well as the above named trustees.

Pursuant to the appraisal report filed by the commissioners appointed by the court, $1,075,000.00 was paid into court and then to the trustees.

A year after the condemnation proceeding was instigated, appellant Campbell, a grandchild of W. T. Hales, filed a demand for jury trial alleging he and other heirs of W. T. Hales had not been given notice of the condemnation proceeding. He further alleged trustees were mismanaging the funds from the award and should be removed. Authority answered claiming proper condemnation procedures had been followed and that appellant was improperly trying to litigate trust matters in the condemnation suit wherein he was not a party and had no standing. Appellant then moved to intervene. This motion was overruled and appellant moved the trial court to grant him an evidentiary hearing and reconsider its ruling not to allow him in the condemnation suit. This motion was overruled, the court finding no issue of fact to be tried; appellant was only a contingent remainderman, not a necessary party to the condemnation proceeding, and thus had no right to demand a jury trial. He now appeals.

Appellant as a grandchild of W. T. Hales, receives nothing under the trust until all Hales' children have died. He bases his right to intervene on an order issued in a separate action in 1972, instigated by trustees seeking judicial construction of the trust. The 1972 order stated:

"4. That all contingent beneficiaries have a standing in Court to present any

objections to the conduct and activity of the trustees and to seek redress of any grievance.

5.  .  .  .

6. That in all future actions, all beneficiaries of the W. T. Hales Estate Trust, whether they be life income beneficiaries or contingent remaindermen, shall be given notice of any pleadings. The status allowed the Defendant grandchildren to participate in this action is meant to be a holding that all of the grandchildren of the Testator shall have legal status to seek through legal means to prevent waste of the Trust Estate by opposing the actions of the Trustees when it appears needful and to seek their removal if necessary. While the beneficial interest of the grandchildren is contingent and their right cannot at this time be determined, the vesting of their interests is sufficiently imminent that each of them, with the exception of the one specifically excluded by the Will, should hereafter be given notice of every Court proceeding involving this Trust, and this shall be the order of the Court, and shall be included in the Journal Entry.

7. That this Court reserves jurisdiction of this case and over the W. T. Hales Estate Trust."

The condemnation proceeding was filed in 1976. A year later the trial court in the above trust action found trustees were vested with the discretion to decide whether to accept or reject the condemnation award of the commissioners or to demand a jury trial.

The Urban Renewal Authority may acquire property by condemnation and is directed to follow procedures outlined in 66 O.S. 1971 § 51 et seq.[1]

66 O.S. 1971 § 53 requires notice of condemnation proceedings to be given to the owners of the real property or interests therein. Although Oklahoma has not reached this precise question, other jurisdictions have determined that the *trustee* is the proper party to a condemnation action involving trust property. A contingent beneficiary is not a necessary party where his rights are fully represented by a trustee with broad management authority.[2] Appellant is not an owner of any interest in the property as contemplated by the condemnation statutes. A condemner is only required to join record owners, parties in possession and other parties who assert claims to property if condemner has actual knowledge of such claims.[3]

In order to qualify for mandatory intervention, appellant must show he is a necessary party and his rights may be protected in no other way.[4] Appellant seeks to insert issues of trust management into the condemnation proceeding. These problems have no place there. They must be litigated in the separate action involving the trust itself. Intervention may not be used to expand the action to include matters not germane.[5]

Appellant is fully represented in this action by trustees. Any quarrel with this or with trustees must be litigated elsewhere.

AFFIRMED.

All the Justices concur.

1. 11 O.S. 1979 Supp. § 38–111B.

2. *Chicago Land Clearance Commission v. Darrow*, 12 Ill.2d 365, 146 N.E.2d 1 (1957); *Towson v. Texas Electric Service Company*, 371 S.W.2d 581 (Tex.Civ.App.1963); *St. Peters Roman Catholic Parrish v. Urban Redevelopment Authority of Pittsburg*, 394 Pa. 194, 146 A.2d 724 (1958); 29A C.J.S. Eminent Domain § 236 (1965). Cf. *McClung v. Cullison*, 15 Okl. 402, 82 P. 499 (1905) and *Browne v. Rowsey*, 181 Okl. 602, 75 P.2d 432 (1938) holding heirs not necessary parties in foreclosure actions.

3. *State ex rel. Department of Highways v. Pate*, 555 P.2d 1040 (Okl.1976); *Morgan v. City of Overland Park*, 207 Kan. 188, 483 P.2d 1079 (1971).

4. *Deen v. Fruehauf Corporation*, 562 P.2d 505 (Okl.1977).

5. *Sooner Property Management, Inc. v. Oklahoma Gas and Electric Company*, 517 P.2d 1133 (Okl.1973).