**SOONER PROPERTY MANAGEMENT, INC., an Oklahoma corporation, Appellant,**

v.

**OKLAHOMA GAS AND ELECTRIC COMPANY, an Oklahoma corporation, and Oklahoma Electric Cooperative, an Oklahoma corporation, Appellees.**

**No. 44971.**

Supreme Court of Oklahoma.

Dec. 26, 1973.

H. L. Heiple, Norman, for appellant.

Benedum, Haas & Benedum, Norman, for appellees.

LAVENDER, Justice:

By ex parte order of the district court appellant was permitted to intervene as a party defendant in an action brought by the Oklahoma Gas and Electric Company, an Oklahoma corporation, against the Oklahoma Electric Cooperative, Inc., an Oklahoma corporation and rural electric cooperative. In that action the plaintiff sought to restrain and enjoin the cooperative from expanding its electrical distribution system and services within an annexed area of the City of Norman. One of the intended recipients of such service was the appellant intervenor who chose the services of the cooperative rather than those of the plaintiff Oklahoma Gas and Electric Company. As part of the proceedings the intervenor filed an affidavit wherein it said:

"2. Sooner Property Management, Inc. has interests which are not identical with either plaintiff or defendant cooperative, and, further, the defense and/or prosecution of said interests contemplates Sooner Property Management, Inc. claiming damages from either plaintiff, Oklahoma Gas and Electric Company, or defendant, Oklahoma Electric Cooperative Inc., or both of them. It is believed that damages have resulted, and will continue to result, to Sooner Property Management, Inc. as a result of the Temporary Restraining Order and the Temporary Injunction heretofore issued and, also, as a result of the permanent relief requested by plaintiff in its petition, all as will be more fully outlined in the Answer and Cross-Petition which Sooner Property Management, Inc. expects to prepare and file."

The plaintiff moved to dismiss the intervenor from the cause and the court found: "that Intervenor's participation for damages is incompatible with the original parties equitible action involving construction of constitution and statutes; that disposition of issues between the original parties is necessary before Intervenor's action can be finalized; that Intervenor is not a necessary or indispensable party to the issues between the original parties; that Intervenor's cause(s) of action will not be prejudiced by presentation in a separate action, and for these reasons . . ." It

then vacated the ex parte order granting intervention and dismissed the intervenor from the cause.

The intervenor appeals from the dismissal, and in its appellant brief states the issues in this manner:

"Where a utility company seeks to enjoin a competing utility company from rendering service to specifically designated real property owned and operated by a third party, should the third party land owner be permitted to intervene and defend against such injunction suit and, further, should the land owner be permitted to Cross-Petition for damages which the land owner may suffer as a result of the request for the injunction, if the injunction is finally denied?"

In its Petition in Error the Appellant asks that the court's order dismissing it as intervenor be set aside, and that the court be directed to permit the appellant to resist and defend against the relief requested by plaintiff in its petition, and to prosecute a cross-petition against the plaintiff and/or the defendant cooperative for such damages and other relief as may be proper and equitable. In its brief the intervenor states two propositions consistent with the above and cites authorities that include 12 O.S. 1971, §§ 231, 236, and 237 pertaining to bringing other parties into a controversy. However, it is unnecessary to go into these matters for reasons indicated hereinafter.

A cross-petition ". . . for such damages and other relief as may be proper and equitable," as suggested by intervenor in its Petition in Error as a reason for intervention here is not sound. In Barnett v. Bodley (1959), 348 P.2d 502, 506, this court stated:

"It is a recognized principle of law that when an action is commenced, the nature thereof cannot be expanded and changed to include matters not germane to the issues presented. This principle of law is applicable to a petition in intervention the same as a cross petition. * * *"

Intervenor's proposed cross-petition action against the plaintiff and/or defendant for unspecified damages was too far afield from the issues of the restraining and injunctive action brought by plaintiff against the defendant cooperative, which action by plaintiff the intervenor opposed. Intervenor proposed a new issue, the bringing of which in a new cause of action was not prejudiced by the dismissal.

In regard to Intervenor's desire to resist and defend against the relief requested by plaintiff in its petition, such relief requested by plaintiff has been decided adversely to it. Oklahoma Gas and Electric Company v. Oklahoma Electric Cooperative, Inc., opinion promulgated the 26th day of December, 1973, and reported in 517 P.2d 1127.

Order affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and IRWIN, BERRY, HODGES, SIMMS and DOOLIN, JJ., concur.

BARNES, J., did not participate.