**Billie Juanita DEEN, Appellee,**

v.

**FRUEHAUF CORPORATION et al., Defendants,**

**Robert R. Worthington, Intervenor-Appellant.**

**No. 48768.**

Supreme Court of Oklahoma.

Feb. 15, 1977.

As Corrected on Denial of Rehearing April 18, 1977.

Stephen C. Wolfe, Tulsa, for appellee.

Washington & Washington by George Washington, Jr., Tulsa, for intervenor-appellant.

BERRY, Justice:

This action arose out of injuries to Billie Juanita Deen and her children, David Wesley and Catherine Sue, residents of Texas, in the collision of automobile she was driving, with truck of defendant, Fruehauf Corporation, in Atoka, Oklahoma, on December 17, 1971. Billie Juanita Deen, for herself and children, plaintiffs herein, entered into a contract with appellant, Worthington, [intervenor] a Texas attorney, whereby he was assigned 40% of recovery in return for his agreement to represent them. Mrs. Deen's husband, Melvin, although not named in contract or in car at time of collision, also signed the agreement.

However, plaintiffs discharged Worthington before suit was filed and employed an Oklahoma lawyer. In January 1975 Worthington filed a Petition to Intervene in the actions, alleging the contract with Deens and seeking 40% of judgment therein.

Plaintiffs responded with a pleading entitled "Motion to Quash, Plea to Jurisdiction and Venue, and Motion to Strike", asking that Petition in Intervention be dismissed. The motion was heard in February 1975, taken under advisement, and on July 10, 1975, an order was entered sustaining the pleading. Intervenor instituted timely appeal. On June 30, 1976, judgment was entered for plaintiffs in amount of $74,000.00, apparently as a result of settlement, and tendered into court by defendant. This Court has heretofore ordered that 40% of judgment be held by trial court pending appeal.

■ Intervenor first contends that trial court erred in sustaining plaintiffs' pleading because it was improper. However, although plaintiffs entitled the pleading "Motion to Quash, Plea to Jurisdiction and Venue, and Motion to Strike", the substance was to dismiss Petition to Intervene. In *Thomas v. Dawson*, 189 Okl. 193, 115 P.2d 136, we held:

"The effect of a pleading is to be determined from its substance rather than the title affixed by the pleader. An instrument denominated a motion to quash but which in reality is a demurrer is properly so treated by the trial court and will be considered in the same manner by this court on appeal."

However, a motion to dismiss is a proper procedure for attacking petition to inter-

vene. *Barnett v. Bodley,* Okl., 348 P.2d 502, and cases cited therein. Therefore, intervenor's contention is without merit.

Intervenor next contends that trial court was required to allow his intervention. He does not argue that trial court abused its discretion. Intervention is a matter of right when petitioner claims an interest in specific property within exclusive jurisdiction of the court and the interest can be protected in no other way; otherwise intervention is within the discretion of trial courts. *Barnett v. Bodley,* supra; *Franklin v. Margay Oil Corporation,* 194 Okl. 519, 153 P.2d 486. See Note, Intervention in Oklahoma, 17 Okla.L.Rev. 102 [1964]. Here, if intervenor's discharge was wrongful, he may maintain a separate suit for damages. *First Nat. Bank & Trust Co. of Tulsa v. Bassett,* 183 Okl. 592, 83 P.2d 837; *Hamilton v. Blakeney,* 65 Okl. 154, 165 P. 141. See 7 C.J.S. Attorney and Client § 169. Moreover, intervenor's interest was in a chose in action, not realty or personalty; he claimed through the plaintiffs and indirectly against defendant. Furthermore, intervenor's relationship with plaintiffs was extraneous to the personal injury controversy, and determination of their relationship would have burdened the suit with irrelevant issues. Thus, intervention was within the discretion of trial court. *Franklin v. Margay Oil Corporation,* supra. We conclude trial court did not abuse its discretion by sustaining the motion to dismiss.

Order of trial court affirmed; order of Supreme Court prohibiting disbursement of settlement vacated and cause dismissed.

LAVENDER, V. C. J., and DAVISON, IRWIN and SIMMS, JJ., concur.

DOOLIN, J., concurs in result.

HODGES, C. J., and WILLIAMS and BARNES, JJ., dissent.