SHANKLE EQUIPMENT COMPANY, INC., Appellant,

v.

LIBERTY NATIONAL BANK AND TRUST COMPANY OF OKLAHOMA CITY, Appellee.

No. 48597.

Supreme Court of Oklahoma.

Sept. 20, 1977.

**4.** *Application of Peppers Refining Co.*, 272 P.2d 416 (Okl.1954).

Doyle & Holmes, Charles S. Holmes, Steven M. Harris, Tulsa, for appellant.

Thomas A. Wallace, Oklahoma City, for appellee.

BERRY, Justice.

This appeal from an order sustaining a general demurrer to part of a cross-petition is brought by the defendant cross-petitioner, Shankle Equipment Company, Inc. Appellant, a defendant and cross-petitioner in the district court, will be referred to as Shankle. Appellee, plaintiff in the district court, Liberty National Bank and Trust Company of Oklahoma City, will be referred to as Liberty.

Liberty apparently sued a corporation which owned an apartment complex. The suit was to foreclose Liberty's mortgage on the complex. Liberty, mortgagee, had loaned the corporation construction money to finance building the complex. The corporation, as mortgagor, had given the mortgage to secure repayment to Liberty. Liberty also sued several co-defendants, among them several mechanics and materialmen who had perfected liens for labor or materials furnished in the construction of the apartment complex. As to defendant mechanics and materialmen, Liberty asked for a determination that Liberty's lien was superior to defendants' liens perfected under 42 O.S.1971 § 150 et seq.

Shankle, one of the lienholders, answered denying Liberty's claim and cross-petitioned against the mortgagor corporation, owner of the apartment complex, the individual directors of the corporation, and lender mortgagee Liberty. Several issues were made up by the answer and cross-petition.

█ The material issue in this appeal may be stated as: whether a lender mortgagee has a special duty to make sure proceeds of a construction loan in the hands of the borrower mortgagor are properly applied to satisfaction of "lienable" claims under the terms of 42 O.S.1971 §§ 152 and 153. The cited statutes impress a trust on the proceeds of construction loans in the hands of mortgagors. The trust is for the benefit of mechanics and materialmen with "lienable" claims arising out of their furnishing labor or materials to the construction project.

Shankle's cross-petition recited three causes of action. The district court sustained general demurrer to the second cause of action and dismissed cross-petition as to Liberty; Shankle appealed on that issue.

Shankle's second cause of action alleged directors of the corporate mortgagor received " . . . mortgage monies in trust from certain various lending institution(s), including [Liberty], pursuant to 42 O.S.1971 § 152. Said trust funds were received for the benefit of [Shankle] and other laborers and materialmen for payment of all lienable claims due and owing. [Liber-

ty] further breached its fiduciary duty to [Shankle] to insure that said funds would be justly distributed to the laborers and materialmen of the funded project."

Shankle then alleged the directors applied the funds to some other uses in violation of 42 O.S.1971 § 153(1), " . . . with the knowledge and aid of [Liberty]. Shankle further alleged the directors diverted funds in excess of that amount Shankle claimed, alleging the same to be a violation of 42 O.S.1971 § 153(1), again " . . . with the aid and knowledge of [Liberty]." Shankle asked for recovery against other defendants and Liberty, together with interest and attorney fees.

When a general demurrer is presented the trial court must determine whether, under all of the facts as pleaded and all inferences reasonably to be drawn therefrom, there are allegations before it sufficient to state a cause of action. *Wallace v. Williams*, Okl., 313 P.2d 784.

We have thoroughly reviewed the record on appeal for one fact before the trial court from which that court could have adduced a duty on the part of Liberty to Shankle. There is none. Liberty's only connection with the mortgage money, from the pleadings, is as the lending institution providing part of the funds. In briefs counsel point out that Liberty was the banking institution used by defendant owners. The briefs also indicate that Liberty's approval was required prior to each expenditure of mortgage monies. However, we do not deem these facts to be in the record.

Upon perusing the briefs we find no authority for the proposition that a mortgage lender, source of the mortgage funds which are delivered to the owner engaged in construction of a building, has some special responsibility to mechanics or materialmen with lienable claims, as that special responsibility is defined in 42 O.S.1971 § 152; and in our research we have found no authority for the proposition.

Shankle's position, largely grounded in the law of New York, is that the mortgage lender is responsible for trust funds in the hands of mortgagor. Although we do not agree with Shankle that New York would reach the desired conclusion on these facts we do note the New York statutory scheme is so far reaching that the position is more defensible in the context of New York law. We decline to apply law which derives from a statutory plan so different from that in Oklahoma.

There are no facts pleaded which are sufficient to show Liberty had any special duty to Shankle in the premises, or any connection with the mortgage monies except as their source.

Affirmed.

HODGES, C. J., LAVENDER, V. C. J., and DAVISON, WILLIAMS, IRWIN, BARNES and SIMMS, JJ., concur.