Robert A. BARBERO, John J. Locy and Wilson A. Hanna, Trustees of Standard Royalties, Inc. Liquidating Trust, Successor in Liquidation to Standard Royalties, Inc., a Delaware Corporation (formerly Standard Industries, Inc.) and Standard Industries, a Warren Brothers District of Ashland Oil, Inc., a Kentucky Corporation, Appellants,

v.

EQUITABLE GENERAL INSURANCE COMPANY (formerly Houston General Insurance Company), a corporation, Appellee.

No. 51599.

Supreme Court of Oklahoma.

Feb. 19, 1980.

Frederic N. Schneider, III, Boone, Ellison & Smith, Tulsa, for appellants.

Donald Church, Church & Roberts, Tulsa, for appellee.

DOOLIN, Justice:

Nurrie Construction Company, a prime contractor on certain construction work for the United States Corps of Engineers, executed a subcontract with Jim Hall of Boynton, Oklahoma. In conjunction with this contract Jim Hall provided to Nurrie, a labor and material payment bond from Equitable General Insurance Company (Surety).

Plaintiffs contracted with Jim Hall Construction Company, a corporation (Corporation), to furnish all labor and materials on the above project. Work was completed May 30, 1975. Plaintiffs were paid all but $8,248.85 of the agreed price.

On March 13, 1976, plaintiffs filed suit against Corporation for the remaining $8,248.85. The petition was later amended to include Surety as a defendant. Surety filed special and general demurrers. Summary judgment in favor of plaintiffs was entered; against Corporation only, for $8,248.85 plus costs and attorneys fees. This judgment was not appealed.

Later the trial court sustained Surety's general demurrer and gave plaintiffs leave to amend. Plaintiffs filed an amended petition against Surety. Surety's general demurrer on grounds petition did not state a

cause of action was again sustained. Plaintiffs elected to stand on their amended petition and trial court dismissed as against Surety. Plaintiffs appeal.

Plaintiffs' amended petition alleges the following against Surety:

7. "In connection with the Corps of Engineers contract, the defendant, Equitable General, was required and did issue as surety a Labor and Material Payment Bond to Jim Hall for the use and benefit of the claimants defined therein. A copy of the Labor and Material Payment Bond is marked Exhibit "3" attached hereto and by reference made a part hereof. This Labor and Material Payment Bond covered the construction of the public use area at Rogers Point near Grand Lake, Oklahoma. Notwithstanding that the Bond was issued to Jim Hall, the Bond was issued for and on behalf of Hall to indemnify materialmen for services performed and materials supplied by the plaintiffs to Hall in accordance with Jim Hall's obligations under the subcontract with Nurrie. The plaintiffs are third party beneficiaries under the Labor and Material Payment Bond and are, therefore, entitled to judgment against Equitable General."

Attached to the petition, along with the contract with Corporation is Surety's bond. The bond is a standard material and labor bond. The principal is Jim Hall and the obligee, Nurrie, denominated Owner. The bond provides for the beneficiaries in the following manner:

"NOW, THEREFORE, the condition of this obligation is such that if the Principal shall promptly make payment to all claimants as hereinafter defined, for all labor and material used or reasonably required for use in the performance of the Contract, then this obligation shall be void; otherwise it shall remain in full force and effect, subject, however, to the following conditions:

1. A claimant is defined as one having direct contract with the Principal or with a subcontractor of the Principal for labor, material, or both, used or reasonably required for use in the performance of the contract, labor and material being construed to include that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental of equipment directly applicable to the Contract.

2. The above named Principal and Surety hereby jointly and severally agree with the Owner that every claimant as herein defined, who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such claimant's work or labor was done or performed, or materials were furnished by such claimant, may sue on this bond for the use of such claimant, prosecute the suit to final judgment for such sum or sums as may be justly due claimant, and have execution thereon. The Owner shall not be liable for the payment of any costs or expenses of any such suit."

▮▮▮ Are the allegations of the petition sufficient to state a cause of action on the bond in favor of plaintiffs? Initially in this appeal we wish to point out the obligations on the bond are affected not at all by the fact plaintiffs failed to protect their rights under the Miller Act[1] as argued by Surety. This is not a bond required under this act to be furnished to the United States by a contractor but rather a private bond between a contractor and subcontractor. Plaintiffs are materialmen of the subcontractor who gave bond to the prime contractor, not the United States. The rights in this bond are neither qualified by the Miller Act nor conditioned upon the timely pursuit of remedies it provides. The rights of plaintiffs must be determined by the bond's language.[2]

---

1. 40 U.S.C.A. §§ 270a–d.

2. *Socony-Vacuum Oil Co. v. Continental Casualty Co.,* 219 F.2d 645, 648 (2nd Cir. 1955).

■ Surety argues that plaintiffs were attempting to satisfy their judgment against *Corporation* from the proceeds of a bond issued to Jim Hall, an *individual*. Plaintiffs contend the name under which the bond was issued is immaterial in that the bond was purchased for the specific purpose of indemnifying them for material and labor supplied under the subcontract. As third-party beneficiaries of the bond's protection, they need not allege or prove privity of contract.

■ We agree a third party beneficiary of a contract may avail himself of its benefit and maintain an action thereon notwithstanding he was a stranger thereto, had no knowledge of the contract and was not identified therein when it was made if it appears the parties intended to recognize him as a beneficiary.[3]

■ Whether plaintiffs are beneficiaries under the bond turns on the intention of the parties.[4] Where third-party beneficiaries are so described as to be ascertainable, it is not necessary that they be specifically named in the contract or be identifiable at time contract is made.[5] To determine the intention of the parties, it is necessary to consider and construe the bond and the contract therein mentioned together and to consider the circumstances under which bond was purchased.[6]

■ Although a surety may not be held beyond the express terms of his contract,[7] 18 O.S.1971 § 483 [8] instructs us to ignore the common law rule of strictissimi juris applied to gratuitous contracts of surety and liberally construe the obligations of a contract of a compensated surety "for hire."[9] Statements in *Western Surety Company v. Childers,* 372 P.2d 214 (Okl. 1962) and cases therein cited seemingly stating otherwise are hereby disapproved.

The bond defines a claimant as one having direct contract with Jim Hall or with a subcontractor of Jim Hall. Plaintiffs' petition alleges Corporation was an agent of Jim Hall, or that they were the same entity.[10]

The contract between Nurrie and Jim Hall covered project number DACW 56–74–C–0013 at Rogers Point, Newt Graham Lake, Oklahoma. The subcontract between plaintiffs and Jim Hall Construction Company covered the same project number. The bond refers to the subcontract between Jim Hall and Nurrie.

Under petition's allegations, the subcontract obligated Jim Hall to furnish all material and labor for the involved construction. To secure payment of labor and material the bond was executed. Plaintiffs supplied the labor and material for the specific construction covered by the bond. Surety agreed to pay materialmen and laborers if Jim Hall did not. Plaintiffs were materialmen and were unpaid.

■ When ruling on a general demurrer the trial court must determine whether under all the facts as pleaded and all inferenc-

3. *Apex Siding & Roofing Co. v. First Federal Savings and Loan Association of Shawnee,* 301 P.2d 352 (Okl.1956); *Anderson v. Rexroad,* 175 Kan. 676, 266 P.2d 320 (Kan.1954).

4. *G. A. Mosites Co. of Ft. Worth, Inc. v. Aetna Casualty and Surety Company,* 545 P.2d 746 (Okl.1976).

5. *United States v. State Farm Mutual Automobile Insurance Company,* 455 F.2d 789 (10th Cir. 1972).

6. *Aetna Casualty & Surety Co. v. Tucker,* 174 Okl. 343, 50 P.2d 339 (1935); *Gibbs v. Trinity Universal Insurance Company,* 330 P.2d 1035 (Okl.1958).

7. 15 O.S.1971 § 373.

8. "§ 483. Surety contracts, liberal construction of.—The rule of the common law requiring a strict construction of the obligations of a surety shall have no application to the obligations of a surety or guarantor or indemnitor for hire, but all such obligations shall be liberally construed in accordance with the rules of the general law applicable to policies of insurance."

9. *Wright v. Fidelity & Deposit Co. of Maryland,* 176 Okl. 274, 54 P.2d 1084 (1936); *Insurance Company of North America v. Greenberg,* 405 F.2d 330 (10th Cir. 1969).

10. In a different context see *State v. Imperial Insurance Company,* 514 P.2d 936 (Okl.1973).

es reasonably to be drawn, there are allegations before it sufficient to state a cause of action.[11]

█ The contracts and the bond were incorporated by reference into the petition and must be considered in ruling on the demurrer. Construing the contracts and bond together and with the allegations of the petition, we hold the petition does state a cause of action against Surety. Trial court erred in sustaining the demurrer.

REVERSED.

All the Justices concur.

---

11. *Shankle Equipment Company, Inc. v. Liberty National Bank & Trust Company of Oklahoma City,* 569 P.2d 965 (Okl.1977).