**Benjamin GETTLER, Appellant,**

v.

**CITIES SERVICE COMPANY, Harry C. Bader, and Ann D. Friel,**

v.

**GULF OIL CORPORATION and GOC Acquisition Corporation, Appellees.**

**No. 61000.**

Supreme Court of Oklahoma.

June 30, 1987.

---

Houston & Klein, Inc. by James R. Eagleton, Jim F. Gassaway, E. John Eagleton, Thomas H. Trower, Marc F. Conley, Tulsa, for appellant Benjamin Gettler.

Gable & Gotwals by Charles C. Baker, David L. Bryant, Tulsa, Wachtell, Lipton, Rosen & Katz by Peter C. Hein, New York City, Cities Service Co. by Ronald A. Skoller, Tulsa, for appellee, Cities Service Co., Harry C. Bader, and Ann D. Friel.

Conner & Winters by John S. Athens, Douglas L. Inhofe, Steven K. Balman, Tulsa, Lord, Day & Lord by John W. Castles, III, William P. Casella, John D. Henderson, New York City, for appellee Gulf Oil Corp. and GOC Acquisition Corp.

DOOLIN, Chief Justice.

On June 17, 1982, Cities Service Company and Gulf Oil Corporation entered into a Stock Purchase Agreement and Merger Agreement in an effort to thwart a hostile takeover of Cities Service by Mesa Petroleum Company. The agreement provided that Gulf would purchase Cities Service common stock at a cash price of $63.00 per share. For reasons not pertinent to this appeal, Gulf terminated the Offer to Purchase and repudiated the Merger Agreement on August 6, 1982. Three days later, Cities Service and two individual stockholders brought an action against Gulf in Tulsa County District Court for breach of contract, fraud, specific performance, and for declaratory judgment, seeking damages of approximately $3 Billion.

Shortly thereafter, five stockholder class actions were brought against Gulf in Oklahoma. Twenty other class actions were brought in New York and Pennsylvania, making a total of twenty-two class actions in federal courts and three in New York State Courts. All of the federal class actions have since been consolidated in federal district court in the southern district of New York.

The appellant [Gettler] filed a Motion to Intervene in the cause of action between Cities Services and Gulf. The Motion to Intervene was heard on August 4, 1983 and was denied. From his final order Gettler appeals.

Subsequent to the enaction of the new Code of Civil Procedure, Gettler filed a brief with this Court to apply the new Civil Procedure Code, 12 O.S.Supp.1984, §§ 2019, 2024 in resolution of this appeal, relying on Rule 1 of our Order Adopting and Withdrawing Rules for the District Courts, published in 55 OBAJ 2242 (1984). Under Rule 1, the new code applies to all actions *pending* on the day the new Pleading Code went into effect. Here, however, Gettler appeals a final order handed down while the old Pleading Code was in effect, and the trial judge in making his determination to deny the Motion to Intervene relied on the authorities arising from that Code. We, therefore, apply the old Pleading Code and authorities in resolving this appeal, because no application for intervention or joinder was pending under the Rules of the new pleading code at the time of denial.

Gettler raises two issues on appeal: first, that he should have been joined as a real party in interest, either individually or as a representative of a class; second, that he should have been permitted to intervene under mandatory or permissive intervention.

Gettler makes much of the assertion that he is a real party in interest as a stockholder. Inasmuch as two of the original plaintiffs, Bader and Friel, are also stockholders suing for the value of their individually held shares, we will assume for the purposes of this appeal that the requirements of 12 O.S.1981, § 221 have been satisfied. Once the parties in the cause of action are in place, however, the status of a third party as a real party in interest is merely a threshhold question that opens the courthouse doors but does not grant automatic entry into a cause of action. For that determination we turn to our joinder and intervention statutes, 12 O.S.1981, §§ 231, 232, 236 and 237.

In applying our joinder and intervention statutes, our policy is to balance four countervailing interests: 1) the interest of the plaintiff in controlling the scope and extent of his cause of action and in not having new claims or parties complicate and confuse the determination of his case; 2) the interest of the defendant in having all parties and claims joined in the same action to prevent vexatious suits and to prevent possible inconsistent judgments; 3) the interest of third parties in having access to a forum when there is a possibility that stare decisis, res judicata or collateral estoppel may subsequently prevent them from seeking redress if not made a party to the original action; and 4) the general policy of this Court to apply joinder and intervention statutes liberally in the interests of justice and judicial economy by having the full subject matter of any controversy settled in one action.

In the past, we have construed our joinder and intervention statutes together,[1] resulting in some merger between the principles of joinder and intervention.[2] In joinder, the parties already in place seek to reach out and bring a third party into their controversy. Only if that party is necessary or indispensable is joinder mandatory; otherwise joinder is permissive and within the sound discretion of the trial judge. In

**1.** E.g., *Barnett v. Bodley,* 348 P.2d 502 (Okl. 1959).

**2.** *See generally,* Note: *Parties to Actions: How the Supreme Court of Oklahoma Expanded the Right to Intervene,* 31 Okla.L.Rev. 463 (1978); *see also,* Note: *Pleading: Intervention in Oklahoma,* 17 Okla.L.Rev. 102 (1964); Fraser, *Joinder of Parties and Causes of Action,* 26 OBAJ 1285 (1955).

intervention, on the other hand, a third party is seeking to thrust his way into the cause of action. If the intervenor "claims a lien or interest in the specific property involved and within the exclusive jurisdiction of the court in which the action is pending and his lien or interest therein can be established, preserved, or enforced in no other way than by determination and action of that court.... [then] the petitioner has an absolute right to intervene."[3] In all other cases, intervention is permissive and within the sound discretion of the trial court.[4] For intervention to be mandatory, the controversy must concern specific real or personal property; actions for money damages only do not qualify for mandatory intervention.[5]

An intervenor is not permitted to enlarge the issues or compel an alteration of the proceedings,[6] or to include matters not germane to the issues presented,[7] but once admitted, the intervenor's rights are as entitled to protection as the original parties.[8] Denial of a petition for mandatory intervention by the trial court is an appealable final order.[9] Although intervention is not normally permitted at the appellate stage, once admitted to an appeal, the intervenor becomes a party litigant with the right to raise and litigate independent issues.[10]

None of the parties to this action sought to join Gettler. At the hearing on the Motion to Intervene, the plaintiffs, the defendants, and the amicus curiae representing the plaintiff stockholders in the consolidated class action pending in federal district court, all opposed Gettler's entry into this suit. The primary objection to

joinder of Gettler as a representative of a class of stockholders was the action between Cities Service and Gulf was based upon theories of state contract and tort. Joinder of Gettler as a class representative would introduce questions of federal securities law more appropriately addressed in federal court. Further objections revolved around 12 O.S.1981, § 14, concerning the desirability of concentrating the litigation of the class action in the class action already pending in federal court, and the difficulties in managing same. Based upon consideration of 12 O.S.1981, § 14(4), (5), the trial court denied Gettler's joinder or intervention as a class representative. "The trial court's determination whether a suit can be maintained as a class action will not be disturbed on appeal unless the party challenging it shows an abuse of discretion."[11] Gettler had not shown that the trial court abused its discretion, nor do we find error after reviewing the record.

Gettler next asserts that he should have been joined as a necessary party, either as an individual stockholder or as a third party beneficiary of the contract between Cities Service and Gulf. The trial court found that joining Gettler as a individual stockholder would add nothing to the determination of this action. We agree that the resolution of the dispute between Cities Service and Gulf could be fully determined without Gettler's participation and that Gettler was neither a necessary nor an indispensible party. Furthermore, Gulf had offered to purchase up to 45,500,000 shares of Cities Service stock from individual stockholders. While we do not know how many individual stockholders held

---

3. *Franklin v. Margay Oil Corp.*, 194 Okl. 519, 153 P.2d 486, 497 (1944). *See also, Tulsa Rock Co. v. Williams*, 640 P.2d 530 (Okl.1982).

4. Franklin, supra, Note 3.

5. *Deen v. Fruehauf Corp.*, 562 P.2d 505, 507 (Okl.1977); *Modern Woodmen of America v. Terry*, 69 Okl. 191, 171 P. 720 (1918).

6. 153 P.2d at 497. *Franklin*, supra, Note 3.

7. *Sooner Property Management, Inc. v. Oklahoma Gas and Electric Co.*, 517 P.2d 1133, 1135 (Okl.1973).

8. 640 P.2d 532.

9. *Stubblefield v. General Motors Acceptance Corp.*, 619 P.2d 620, 624 (Okl.1980); *Morton v. Baker*, 183 Okl. 406, 82 P.2d 998, 1000 (1938).

10. *Teleco, Inc. v. Corporation Commission*, 649 P.2d 772, 773, Note 2 (Okl.1982).

11. *Mattoon v. City of Norman*, 633 P.2d 735, 740 (Okl.1981).

these shares, it would be fair to say they numbered in the thousands. To exercise permissive joinder in Gettler's favor would have opened a floodgate to possibly thousands of similarly situated stockholders, to the detriment of the pending class action suit. We, therefore, find no abuse of discretion by the trial court in refusing permissive joinder.

 Third party beneficiaries need not be specifically named in a contract,[12] nor is a third party beneficiary required to prove privity of contract to maintain an action,[13] but the intention of the contracting parties control in determining whether they intended for a third person to receive an enforceable benefit.[14] Assuming *arguendo* that Gettler and the other Cities Service stockholders were third party beneficiaries, we are not referring here to an original action brought by Gettler, but whether Gettler should be joined to an already existing action. Title 12 O.S.1981, § 223,[15] by its own terms, permits the contracting parties to bring an action without joining the third party beneficiary. Since the statute by its own language permits non-joinder of the third party beneficiary, it was not an abuse of discretion by the trial court to refuse joinder of Gettler.

Turning now to the question of intervention, this action did not involve real or personal property. Rather, the action was one for money damages in the amount of $63.00 per share for Gulf's failure to purchase the individual shares of stock pursuant to the Purchase Agreement of June 17, 1982. Actions for money damages alone do not qualify for mandatory joinder and permissive joinder applies.[16] Permissive joinder is within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. We find no abuse of discretion here.

Since the resolution of this controversy is predicated on the old Pleading Code, we do not address the question of whether the result would have been difference had the new Code been applied.

The decision of the trial court denying Gettler's Motion to Intervene is AFFIRMED.

LAVENDER, OPALA, WILSON and KAUGER, JJ., concur.

HARGRAVE, V.C.J. and SIMMS, J., concur in judgment.

HODGES and SUMMERS, JJ., dissent.

---

**12.** *Keel v. Titan Construction Corp.,* 639 P.2d 1228, 1231 (Okl.1981).

**13.** *Barbero v. Equitable General Insurance Co.,* 607 P.2d 670, 673 (Okl.1980).

**14.** *Keel, supra,* Note 12 at 1231; *Barbero, supra,* Note 13 at 673.

**15.** 12 O.S.1981, § 223: An executor, administrator, guardian trustee of an express trust, a person with whom, or in whose name, a contract is made for the benefit of another, or a person expressly authorized by statute, may bring an action without joining with him the person for whose benefit it is prosecuted. Officers may sue and be sued in such name as is authorized by law, and official bonds may be sued upon in the same way.

**16.** *Deen, supra,* Note 5 at 507, and *Modern Woodmen, supra,* Note 5 at 721.