2012 OK 60

**COUNTY RECORDS, INC., an Oklahoma corporation, Plaintiff/Appellee,**

v.

**Peggy ARMSTRONG, Rogers County Clerk, Oklahoma, Defendant/Appellant.**

No. 109,049.

Supreme Court of Oklahoma.

June 19, 2012.

As Corrected on Denial of Rehearing April 8, 2013.

David L. Weatherford, Birmingham, Morley, Weatherford & Priore, P.A., Tulsa, Oklahoma, for Plaintiff/Appellee.

David T. Iski, Assistant District Attorney, Claremore, Oklahoma, for Defendant/Appellant.

COLBERT, V.C.J.

¶ 1 A commercial website operator filed this declaratory judgment action seeking a determination of the reasonableness of the fee charged by the Rogers County Clerk for

electronic copies of records and for a determination that the corporation was entitled to an electronic copy of the official tract index of county land records. The trial court granted summary judgment to the corporation and directed the Clerk to provide all the requested electronic copies at a "reasonable fee." This court retained the appeal of the summary judgment on its own motion and reverses and remands with instructions to enter judgment for the Rogers County Clerk.

## FACTS AND PROCEDURAL HISTORY

¶ 2 Peggy Armstrong (Defendant) is the Rogers County Clerk. She is responsible for recording and maintaining the county land records and making them available for viewing and reproduction. Okla. Stat. tit. 19, § 286 (2011). As part of that duty, she maintains an official historical tract index which are books in which the date of a document, the type of document, the legal description, the grantor and grantee, and the book and page are recorded. Defendant requires all persons who desire to copy the tract index to execute under oath a written Abstract Affidavit, pursuant to section 24A.5(4) of the Oklahoma Open Records Act, Okla. Stat. tit. 51, §§ 24A.1–24A.29 (2011), and the Oklahoma Abstractors Act, Okla. Stat. tit. 1, §§ 20–43 (2011), that reflects the person is not reproducing or distributing the records for the purpose of sale.

¶ 3 Rogers County contracts with KellPro, Inc. to create and maintain a website for the purpose of publishing text information entered by the County Clerk's office into the KellPro software along with images of documents stored electronically at the clerk's office. Rogers County pays KellPro a fee based on the volume of data stored and KellPro makes copies of the images of land documents accessible for a fee payable to the County Clerk. Alternatively, Defendant charges a fee of five cents per page for an electronic copy of a document from the land records.[1] In addition to the Rogers County land records, KellPro publishes records for other county clerks in Oklahoma[2] and collects a subscription fee for that service from patrons. The contract between Rogers County and KellPro specifically provides that the electronic data remain the property of the County while KellPro retains its intellectual property rights to its software.

¶ 4 County Records, Inc. (Plaintiff) is in the business of operating a website that provides land records to on-line subscribers, including the land records for all 77 counties in Oklahoma. In April 2009, Plaintiff requested electronic copies of land records from the County Clerk's office including an electronic copy of the official tract index. The request for an electronic copy of the official tract index was denied based on Defendant's belief that she is legally prohibited from providing it to Plaintiff for its intended commercial sale of the information. In July 2009, Plaintiff filed this declaratory judgment action seeking to compel production of an electronic version of the official tract index and other land records at a reasonable fee.

¶ 5 Discovery was conducted and on May 21, 2010, Plaintiff moved for summary judgment attaching to its motion: (1) Defendant's response to requests for admissions, (2) the deposition of County Clerk Armstrong, (3) an affidavit of Plaintiff's President, (4) copies of Abstract Affidavits from persons who have obtained photocopies of portions of the official tract index book, (5) the deposition of the County Clerk's computer technician, and (6) the contracts between Rogers County and KellPro. The trial court granted Plaintiff's motion by an order filed December 3, 2010. Defendant brought this accelerated appeal which this court retained on its own motion. The parties were directed to brief the issues.

## STANDARD OF REVIEW

¶ 6 Summary judgment is proper only "[i]f it appears to the court that there is no substantial controversy as to the material facts and that one of the parties is entitled to judgment as a matter of law." Rules for Dist. Cts., Okla. Stat. tit.12, ch. 2, app., Rule

---

1. It was the increase of the fee from two cents per page to five cents which resulted in that part of the declaratory judgment action which challenged the reasonableness of the fee.

2. The site is maintained at *www.okcountyrecords. com.*

13(e) (2011). The trial court's ruling on the legal issue is reviewed de novo as a question of law. *Kluver v. Weatherford Hosp. Auth.*, 1993 OK 85, ¶ 14, 859 P.2d 1081, 1084.

## ANALYSIS

¶ 7 This matter is controlled by the Oklahoma Open Records Act, Okla. Stat. tit. 51, §§ 24A.1–24A.29 (2011). The stated policy and purpose of the Act is "to ensure and facilitate the public's right of access to and review of government records so they may efficiently and intelligently exercise their inherent political power." *Id.* § 24A.2. The Act provides that "[a]ll records of public bodies and public officials shall be open to any person for inspection, copying, or mechanical reproduction during regular business hours." *Id.* § 24A.5. A record is defined as:

all documents, including, but not limited to, any book, paper, photograph, microfilm, data files created by or used with computer software, computer tape, disk, record, sound recording, film recording, video record or other material regardless of physical form or characteristic, created by, received by, under the authority of, or coming into the custody, control or possession of public officials, public bodies, or their representatives in connection with the transaction of public business, the expenditure of public funds or the administering of public property.

*Id.* § 24A.3(1). A number of items are specifically excluded from the definition of "record" including "computer software." *Id.* § 24A.3(1)(a). The Act sets a copy fee for records and a formula for enhanced fees when a request is solely for a commercial purpose or would cause excessive disruption of the public body that holds the records. *Id.* § 24A.5(3).

¶ 8 A special provision of the Open Records Act applies to the county land records:

The land description tract index of all recorded instruments concerning real property required to be kept by the county clerk of any county shall be available for inspection or copying in accordance with the provisions of the Oklahoma Open Records Act; provided, however, the index shall not be copied or mechanically reproduced for the purpose of sale of the information.

*Id.* § 24A.5(4). The purpose of this provision is understood when it is considered with the provisions of the Oklahoma Abstractors Act, Okla. Stat. tit.1, §§ 20–43 (2011). Pursuant to the Act, abstractors are provided "free access to the instruments of record affecting real property." *Id.*, § 36(A)(1).[3] However, "[a]ccess to instruments of record shall be for immediate and lawful abstracting purposes only. The sale of the instruments of record for profit to the public either on the internet or any other such forum by any company holding a permit to build an abstract plant[4] is prohibited." *Id.* § 36(E). Additionally, anyone wishing to enter the business of abstracting "shall have for use in such business an independent set of abstract books or other system of indexes compiled from the instruments of record affecting real estate in the office of the county clerk, and not copied from the indexes in said office." *Id.* § 28. That is why the Rogers County Clerk requires an affidavit from anyone who obtains paper copies from the tract index. That person must swear that he or she is not in the business of abstracting and that the information will not be reproduced or distributed for sale.

¶ 9 When the Open Records Act is read with the Abstractors Act, the legislative

---

3. Access is defined as:
   possession of said instrument to mechanically reproduce it, either in the office or out of the office of filing, at the discretion of the county officer having custody of the instrument, which reproduction shall be completed not later than the close of business of the first business day following the day of receipt of the document. *Id.* § 36(D).

4. An abstract plant:

shall consist of a set of records in which an entry has been made of all documents or matters which legally impart constructive notice of matters affecting title to real property, any interest therein or encumbrances thereon, which are filed, recorded and currently available for reproduction in the offices of the county clerk and the court clerk in the county for which such abstract plant is maintained. *Id.* § 21(2).

intent becomes apparent. Production of the official tract index for inspection and copies of the official tract index and instruments of record affecting real estate are not limited unless the request for information from the county records is for the sale of that information. The tract index provision in the Open Records Act extends the prohibition on sale of the county land record information to any person who intends to profit from such a sale.

¶ 10 The policy underlying the restriction on production of the official tract index is the prevention of the sale of the public records for private profit. It recognizes that the county clerk recoups part of the costs of the personnel and equipment necessary to produce, record, and maintain the land records from the sale of copies of land instruments. This is true whether the information is stored electronically or on paper.

¶ 11 The Rogers County Clerk was correct to refuse Plaintiff's request for an electronic copy of the tract index based on the tract index restriction contained in the Open Records Act. However, the mandate of that restriction is broader; it prohibits a county clerk from providing any documents and data from the land records for the intentional sale of that information.

¶ 12 A second and compelling reason for the Rogers County Clerk's refusal to provide an electronic copy of the official tract index is that it does not exist as a discrete electronic document that can be provided in electronic form. The tract index data are entered as text information into the computer system in the county clerk's office using the KellPro software. Those data provide the information that is published on the website for all county clerks in Oklahoma. The information becomes the tool by which electronic copies of real estate instruments are made viewable online.

¶ 13 The county clerk cannot compile the data and export an electronic image of the tract index to a printer, zip drive, or other device capable of storing a copy of the screen image. There is no electronic replica of the physical books that comprise the official tract index. In other words, once the county clerk enters the tract index information into the KellPro system, those data become inextricably linked to the KellPro software. Because the tract index data are not entered into the system as a document, they cannot be retrieved as a document. Outside the KellPro software, the official tract index information exists as a paper document only.

¶ 14 Plaintiff argues that its intended use of the tract index data in electronic form is identical to that of KellPro and therefore it has rights to the data equal to KellPro's. That argument fails, however, to account for the fact that KellPro contracts with Rogers County to host a website for public access to the county land records.[5] Plaintiff, on the other hand, wants access to the same public data in an electronic format to facilitate the sale of that information for a fee.[6] Even if it was physically possible to grant Plaintiff's request, the Open Records Act does not permit Plaintiff to sell the information.

¶ 15 The trial court's summary judgment for Plaintiff must be reversed. Plaintiff is not legally entitled to the tract index information in electronic form and the county clerk is prohibited by a specific provision in the Open Records Act from providing information from the land records for resale. On remand, the trial court is directed to enter judgment for Defendant.

REVERSED AND REMANDED
WITH INSTRUCTIONS.

CONCUR: TAYLOR, C.J.; COLBERT, V.C.J.; KAUGER, WATT, EDMONDSON, REIF, GURICH, JJ.

DISSENT: WINCHESTER, COMBS, JJ.

---

5. Since 1983, counties have been authorized to purchase "electronic data processing equipment" or "enter into a contract for computer services with a capable data processing company." Okla. Stat. tit. 19, § 376(B) (2011).

6. This Court expresses no opinion as to whether the subscription component of the agreement between Rogers County and KellPro is consistent with the Open Records Act. That issue is not before the Court in this matter.

WINCHESTER, J., dissenting, with whom COMBS, J. joins:

¶ 16 I respectfully dissent. The majority opinion reports the facts that KellPro publishes records for county clerks in Oklahoma and collects a subscription fee for that service from patrons. The contract between Rogers County and KellPro provides that electronic data remain the property of the county, but that KellPro retains its intellectual property rights to its software. Finally, the opinion reports that County Records, Inc., the plaintiff/appellee also provides land records to online subscribers, including county clerk records for all 77 counties in Oklahoma.

¶ 17 County Records, Inc. seeks data in the form of electronic copies of land records from the Rogers County Clerk, including an electronic copy of the official tract index. In the Oklahoma Open Records Act, "data files created by or used with computer software" is included in the definition of a record.[1] A tract index whether it is hand written or entered as data is an indispensible tool to research the land record in a county. It is the list of public documents filed on a tract of property, and includes deeds, mortgages, mineral leases and other documents that affect the specific property. This is an index providing access to books to locate and view the filed documents. Without a tract index it would be impossible to find documents for a specific piece of property. Our property system is dependent on these records being accurately kept by the county clerk and deputies, who make these documents available so the public can search land records. Maintaining and entering documents on the tract index is an integral part of the elected position of county clerk.

¶ 18 After the World Wide Web was invented in 1989,[2] more and more people and businesses used the Internet to access electronic data. As a service to the public, the Rogers County Court Clerk contracted with KellPro to provide a county website and provide a search capacity for the records. The money for this service came from public funds and county deputies were paid by public funds to enter the documents of public records as data on computers paid for with public funds. KellPro provided the software they used.

¶ 19 I agree with the Court that KellPro should not be ordered to turn over their proprietary software to County Records, Inc. I cannot accept the majority view that the county clerk and her deputies, as public employees, can pay KellPro public funds to enter public records for KellPro's private use. KellPro then charges the public for subscriptions to access the public record it received from the labor of public employees. The majority opinion dismisses this private benefit to KellPro in a footnote by concluding the issue is not before the Court.

¶ 20 The majority opinion prevents County Records from obtaining the same information KellPro received because the Court has determined it "does not exist as a discrete electronic document that can be provided in electronic form." If KellPro is given the information at public expense, then County Records, Inc., or any other private entity should be able to acquire an electronic copy of the data and create its own computer software to search the public documents. The trial court found that the county clerk has the ability to produce those records; the issue was pricing.

¶ 21 Regarding the provision of the Open Records Act that states "the index shall not be copied or mechanically reproduced for the purpose of sale of the information," KellPro is currently making available public documents from data entered into its computers by public employees, for its own profit. County Records, Inc. wishes to have access to the same public data and compete. I do not believe such access constitutes a sale of information under the Act. That provision in the Open Records Act, 51 O.S.2011, 24A.5 (4), was enacted in 1986 [3] and does not appear to contemplate the widespread use of the internet to access public information. The enact-

---

1. 51 O.S.2011, 24A.3 (1)

2. *http://www.w3.org/Consortium/facts#history*, accessed June 12, 2012.

3. 1986 Okla.Sess.Laws, ch. 213, § 1.

ment of that language preceded the introduction of the World Wide Web, and allowing public access to public documents is clearly compatible with the public policy and purpose of the Open Records Act.[4] Making those public documents available on the internet should be allowed and encouraged. Title 68 O.S.2011, 2864(f) already requires the county assessor to provide property data in an electronic or digital format for a fee, which is set by the State Board of Equalization.

¶ 22 I would remand this case and require KellPro to be added as a party since they appear to be the only company presently allowed to provide this public information. Public records are still public even though they are inputted into KellPro software. The district court should be able to fashion a remedy to resolve this problem and at a fair price.