TEXASFILE, LLC v. BOEVERS



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:TEXASFILE, LLC v. BOEVERS

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 TEXASFILE, LLC v. BOEVERS
2019 OK CIV APP 20
437 P.3d 211
Case Number: 116852
Decided: 08/29/2018
Mandate Issued: 03/27/2019
DIVISION IV
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION IV
Cite as: 2019 OK CIV APP 20, 437 P.3d 211

 

TEXASFILE, LLC, Plaintiff/Appellant,
v.
JEANNIE BOEVERS, IN HER CAPACITY AS KINGFISHER COUNTY CLERK, Defendant/Appellee,
and
LORI FULKS, IN HER CAPACITY AS GARVIN COUNTY CLERK, Intervenor/Appellee.

APPEAL FROM THE DISTRICT COURT OF
KINGFISHER COUNTY, OKLAHOMA

HONORABLE ROBERT E. DAVIS, TRIAL JUDGE

AFFIRMED

William K. Elias, Wyatt D. Swinford, ELIAS, BOOKS, BROWN, & NELSON, P.C., Oklahoma City, Oklahoma, and
Henry J. Hood, HENRY J. HOOD, PLLC, Oklahoma City, Oklahoma, for Plaintiff/Appellant

Mike Fields, KINGFISHER COUNTY DISTRICT ATTORNEY, John M. Salmon, Eric Epplin, ASSISTANT DISTRICT ATTORNEYS, Kingfisher, Oklahoma, for Defendant/Appellee

Randall J. Wood, April D. Kelso, PIERCE COUCH HENDRICKSON, BAYSINGER & GREEN, L.L.P., Oklahoma City, Oklahoma and
Greg Mashburn, GARVIN COUNTY DISTRICT ATTORNEY, Carol Price Dillingham, ASSISTANT DISTRICT ATTORNEY, Norman, Oklahoma, for Intervenor/Appellee

KEITH RAPP, JUDGE:

¶1 Trial court plaintiff, TexasFile, LLC, (TexasFile) appeals the trial court's Journal Entry of Judgment denying the summary judgment motion of TexasFile and granting summary judgment in favor of defendant, Jeannie Boevers, in her capacity as Kingfisher County Clerk, and Intervenor, Lori Fulks, in her capacity as Garvin County Clerk. This accelerated appeal proceeds pursuant to Okla.Sup.Ct.R. 1.36(c), 12 O.S. Supp. 2017, ch. 15, app. 1.

BACKGROUND

¶2 TexasFile is a company that provides remote access to images of county land records to its subscribers via the Internet. TexasFile does business in Texas, New Mexico and a few counties in Oklahoma. TexasFile has contracts with officials from Blaine County, Logan County, Oklahoma County, and Grady County to receive digital land records for its business. TexasFile receives copies of available digital land records and allows their subscribers to access the images of these public land records.

¶3 On May 6, 2016, TexasFile requested, pursuant to the Oklahoma Open Records Act, a "complete electronic copy of all the Kingfisher County land records that are currently available in electronic format." TexasFile did not request the associated tract index. TexasFile specifically requested all records that were currently available on OKcountyrecords.com. TexasFile also requested the fee and timeline for providing the requested scanned records in electronic form. The County Clerk of Kingfisher County did not respond to the May 6, 2016, request.

¶4 TexasFile made a second request for the electronic copy of the land records on January 11, 2017. TexasFile also acknowledged they had recently made similar requests to Oklahoma, Blaine, and Logan Counties and those counties had complied with the requests. TexasFile had entered into a formal agreement to receive electronic copies of the land records with each of those counties.

¶5 On May 15, 2017, Jeannie Boevers, as County Clerk of Kingfisher County, responded to TexasFile's request per the Oklahoma Open Records Act and denied TexasFile's request. Boevers explained:

This is to inform you that your request does not fall within the provisions of the Act as interpreted by the Oklahoma Supreme Court in County Records, Inc. v. Armstrong, 2012 OK 60, 299 P.3d 865. Neither the tract index nor the data (land records) inextricably linked to the computer software can be provided for resale. Commercial use or dissemination of these records is prohibited. You are welcome to come to my office like all other persons to inspect and copy documents.

¶6 TexasFile filed this declaratory judgment and mandamus action against Jeannie Boevers in her capacity as County Clerk of Kingfisher County asking the trial court to enter an order determining TexasLink was entitled to an electronic copy of the Kingfisher County public land records maintained by the County Clerk, pursuant to the Oklahoma Open Records Act, and compelling the County Clerk of Kingfisher County to make available the land records of the Kingfisher County Clerk's office in an electronic format at a reasonable fee.

¶7 After filing an Answer in the litigation, Boevers, in her capacity as Kingfisher County Clerk, and joined by Lori Fulks, in her capacity as Garvin County Clerk, (collectively referred to as County Clerks) filed a Motion to Consolidate Cases and Supporting Brief. County Clerks alleged TexasFile filed an identical action as the present action again Lori Fulks, in her capacity as Garvin County Clerk. County Clerks further alleged TexasFile sought a declaratory judgment that it was entitled to electronic copies of the public land records of Garvin County for a reasonable fee under the Oklahoma Open Records Act. County Clerks further alleged the legal issues in the Kingfisher County and the Garvin County actions are identical. The County Clerks also asserted:

[a] number of County Clerks of the State of Oklahoma . . . seek a uniform judicial determination of the legal issue raised by TexasFile, LLC. Specifically, does the Open Records Act require the County Clerk's office to empty its electronic files into the hands of the Plaintiff so that the Plaintiff may then resell these records to customers in a commercial enterprise?

The County Clerks argued several factors favored consolidation - consolidation would prevent resolution of this important legal issue in a piecemeal fashion; concerns of judicial economy; and uniformity in a decision. In addition, County Clerks argued the Garvin County action was in its early stages of litigation.

¶8 On October 20, 2017, TexasFile filed a Motion for Summary Judgment and Brief in Support arguing there were no material facts in dispute and it was entitled to judgment as a matter of law. TexasFile argued Boevers, as County Clerk of Kingfisher County, had a statutory duty to maintain land records in Kingfisher County and to provide electronic copies of these land records to those making a request for the records. TexasFile relies on Title 19 O.S. § 286 and the Oklahoma Open Records Act for its premise that Boevers is bound to provide TexasFile with electronic copies of the Kingfisher County land records.

¶9 TexasFile argues that, under Section 286, the county clerk is required to maintain all instruments filed in the clerk's office and to make these records, including computerized records, available for viewing and copying. TexasFile contends "[t]he undisputed material facts show that TexasFile is entitled to downloaded copies of the land records maintained in electronic format under Section 286."

¶10 TexasFile also argues that the Open Records Act provides TexasFile the right to access and obtain downloaded copies of the electronic land records of Kingfisher County. TexasFile concedes the Open Records Act prohibits the copying of the tract index if the purpose is to sell the information, but states TexasFile did not request a copy of the tract index. In addition, TexasFile argues the policy of the Open Records Act -- "to guarantee the public's right to access and reproduce the public records of the state and its entities" - supports its request for copies of the electronic land records.

¶11 TexasFile asserts the case relied on by Boevers, County Records, Inc. v. Armstrong, 2012 OK 60, 299 P.3d 865, is inapplicable to the present case. TexasFile alleges Armstrong is distinguishable because it involved a request for the tract index, which is statutorily prohibited. Here, TexasFile did not request the tract index. In addition, TexasFile argues the Armstrong court relied on the Abstractors Act, which is not involved in the present action.

¶12 Finally, TexasFile argues the fees charged by the County Clerk of Kingfisher County are illegal and unreasonable because the fees do not reflect the actual cost of providing the electronic copies. According to TexasFile, the fees charged by the County Clerk are more appropriate for providing hard copies of the land records and not the electronic copies.

¶13 On October 30, 2017, TexasFile filed its opposition to the Motion to Consolidate. The trial court entered a Court Minute on November 3, 2017, ruling that it was treating the Motion to Consolidate as a motion to intervene and granting the Motion to Intervene. The Court Minute further stated that the "[p]arties agree to stay Garvin County case pending resolution of Kingfisher County case."

¶14 County Clerks filed a joint response to TexasFile's summary judgment motion. County Clerks agreed there were no material facts in dispute and the motion presented an important question of law: "[A]re the county clerks required to comply with TexasFile's request for land record information so that TexasFile can then sell the same for a profit[?]" County Clerks argued the Oklahoma Supreme Court decided this issue in Armstrong holding that a county clerk is prohibited "from providing any documents and data from the land records for the intentional sale of that information." Armstrong, 2012 OK 60 ¶ 11, 299 P.3d at 868. County Clerks also argued the Open Records Act prohibits the County Clerk from satisfying TexasFile's request.

¶15 After hearing arguments, the trial court denied TexasFile's summary judgment motion and granted summary judgment in favor of County Clerks pursuant to District Court Rule 13. The trial court entered a Journal Entry of Judgment memorializing its ruling, filed on February 13, 2018. TexasFile appeals.

STANDARD OF REVIEW

¶16 Whether the trial court's grant of summary judgment was proper is a question of law, which this Court reviews de novo. Manley v. Brown, 1999 OK 79, ¶ 22, 989 P.2d 448, 455. In a de novo review, the appellate court has the "plenary independent and non-deferential authority to reexamine a trial court's legal rulings." Kluver v. Weatherford Hosp. Auth., 1993 OK 85, ¶ 14, 859 P.2d 1081, 1084. This Court will examine the parties' pleadings and evidentiary materials to determine if there is a disputed material fact or whether reasonable minds could draw different conclusions from undisputed facts. Harmon v. Cradduck, 2012 OK 80, ¶ 11, 286 P.3d 643, 648. This Court views the facts and reasonable inferences in the light most favorable to the non-moving party. Id.

¶17 "Permissive intervention is left to the sound legal discretion of the trial court based upon the nature of the controversy and the facts and circumstances of each case. The trial court's determination will not be reversed on appeal absent an abuse of that discretion." Tulsa Rock Co. v. Williams, 1982 OK 10, ¶ 5, 640 P.2d 530, 532.

ANALYSIS

¶18 The issue presented on appeal is whether a county clerk is required to provide an entity with an electronic copy of the county land records maintained by the county clerk when the copies will be used for commercial purposes. TexasFile maintains the trial court erred in denying its summary judgment motion, thereby denying its request for an electronic copy of all the land records, excluding the tract index, currently available in electronic format.

¶19 The Oklahoma Supreme Court addressed this issue in a factually similar case, County Records, Inc. v. Armstrong, 2012 OK 60, 299 P.3d 865. In Armstrong, the Court was presented with the issue of whether a real estate database company that provides land records to on-line subscribers, County Records, Inc., was entitled to access to electronic copies of a county's official public land records, including an electronic copy of the official tract index of county land records, when the web business sought to resell the records for profit. County Records sought a declaratory judgment to compel production of an electronic version of the county land records, including the official tract index, at a reasonable fee. The County Clerk had previously denied County Records request for the official tract index based on her belief she was "legally prohibited from providing it to [County Records] for its intended commercial sale of the information." Id. ¶ 4, 299 P.3d at 866.

¶20 The Oklahoma Supreme Court in Armstrong held that the express language of the Open Records Act prohibited the County Clerk from complying with the request for land records of the technology company, County Records, Inc. The Court stated:

A special provision of the Open Records Act applies to the county land records:

The land description tract index of all recorded instruments concerning real property required to be kept by the county clerk of any county shall be available for inspection or copying in accordance with the provisions of the Oklahoma Open Records Act; provided, however, the index shall not be copied or mechanically reproduced for the purpose of sale of the information.

[51 O.S. § 24A.5(4)]. The purpose of this provision is understood when it is considered with the provisions of the Oklahoma Abstractors Act, Okla. Stat. tit.1, §§ 20 - 43 (2011). Pursuant to the Act, abstractors are provided "free access to the instruments of record affecting real property." Id., § 36(A)(1). However, "[a]ccess to instruments of record shall be for immediate and lawful abstracting purposes only. The sale of the instruments of record for profit to the public either on the internet or any other such forum by any company holding a permit to build an abstract plant is prohibited." Id. § 36(E). . . .

When the Open Records Act is read with the Abstractors Act, the legislative intent becomes apparent. Production of the official tract index for inspection and copies of the official tract index and instruments of record affecting real estate are not limited unless the request for information from the county records is for the sale of that information. The tract index provision in the Open Records Act extends the prohibition on sale of the county land record information to any person who intends to profit from such a sale.

The policy underlying the restriction on production of the official tract index is the prevention of the sale of the public records for private profit. It recognizes that the county clerk recoups part of the costs of the personnel and equipment necessary to produce, record, and maintain the land records from the sale of copies of land instruments. This is true whether the information is stored electronically or on paper.

The [County Clerk] was correct to refuse Plaintiff's request for an electronic copy of the tract index based on the tract index restriction contained in the Open Records Act. However, the mandate of that restriction is broader; it prohibits a county clerk from providing any documents and data from the land records for the intentional sale of that information.

Id. ¶¶ 8-11, 299 P.3d at 867-68 (footnotes omitted) (emphasis added).

¶21 Based on the rationale of the Oklahoma Supreme Court in Armstrong, this Court finds the trial court did not err in denying TexasFile's request for the county land records of the County Clerks. Thus, the trial court did not err in denying TexasFile's motion for summary judgment. The trial court's Journal Entry of Judgment denying the summary judgment motion of TexasFile and granting summary judgment in favor of defendant, Jeannie Boevers, in her capacity as Kingfisher County Clerk, and Intervenor, Lori Fulks, in her capacity as Garvin County Clerk, is affirmed.

¶22 TexasFile next argues the trial court erred in treating the Motion to Consolidate as one to intervene and in granting the Motion to Intervene. TexasFile argues the Garvin County Clerk did not comply with the intervention procedure.

¶23 Application of the intervention statute requires a balancing of four countervailing interests:

1) the interest of the plaintiff in controlling the scope and extent of his cause of action and in not having new claims or parties complicate and confuse the determination of his case; 2) the interest of the defendant in having all parties and claims joined in the same action to prevent vexatious suits and to prevent possible inconsistent judgments; 3) the interest of third parties in having access to a forum when there is a possibility that stare decisis, res judicata or collateral estoppel may subsequently prevent them from seeking redress if not made a party to the original action; and 4) the general policy of this Court to apply joinder and intervention statutes liberally in the interests of justice and judicial economy by having the full subject matter of any controversy settled in one action.

Gettler v. Cities Serv. Co., 1987 OK 57, ¶ 7, 739 P.2d 515, 517. Here, allowing the County Clerk of Garvin County to intervene in the present action was a matter of judicial economy. Otherwise, the identical issue could potentially be raised in each county of the State. Furthermore, TexasFile has not shown how it was prejudiced by the trial court allowing the County Clerk of Garvin County to intervene thereby allowing TexasFile to litigate the issue in one county. This Court finds the trial court did not abuse its discretion in allowing the County Clerk of Garvin County to intervene in the present litigation.

CONCLUSION

¶24 The trial court's Journal Entry of Judgment denying the summary judgment motion of TexasFile and granting summary judgment in favor of defendant, Jeannie Boevers, in her capacity as Kingfisher County Clerk, and Intervenor, Lori Fulks, in her capacity as Garvin County Clerk, is affirmed.

¶25 AFFIRMED.[1]

BARNES, P.J., and GOODMAN, J., concur.

FOOTNOTES

[1] Appellees' Motion for Leave to Submit Appellate Briefs is denied.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1987 OK 57, 739 P.2d 515, 58 OBJ 1910, Gettler v. Cities Service Co.
Discussed
 1993 OK 85, 859 P.2d 1081, 64 OBJ 2009, Kluver v. Weatherford Hosp. Authority
Discussed
 2012 OK 60, 299 P.3d 865, COUNTY RECORDS, INC. v. ARMSTRONG
Discussed at Length
 2012 OK 80, 286 P.3d 643, HARMON v. CRADDUCK
Discussed
 1982 OK 10, 640 P.2d 530, Tulsa Rock Co. v. Williams
Discussed
 1999 OK 79, 989 P.2d 448, 70 OBJ 2752, Manley v. Brown
Discussed
Title 19. Counties and County Officers
 Cite
Name
Level

 19 O.S. 286, Maintenance of Records
Cited
Title 51. Officers
 Cite
Name
Level

 51 O.S. 24A.5, Open and Confidential Records
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA