## WHITE et al. v. McGEE et al.

No. 19593. Opinion Filed May 19, 1931.

G. H. Terrill and Walter & Hilpirt, for plaintiffs in error.

Ruth & Morris, for defendant in error, intervener.

CLARK, V. C. J. This action was commenced in the district court of Oklahoma county by plaintiffs in error, Samuel K. White and Nellie F. White, against defendants in error, Reece E. McGee, Marlana

Pipe Line Company, Marland Oil Company of Oklahoma, and the Marland Refining Company, corporations, for damages for the death of their son, James Leo White, and allege that James Leo White died without issue or lawful wife; that plaintiffs in error are his sole and only heirs at law; that no administrator of the estate of James Leo White is or has been appointed and that said deceased's estate has not been administered; that a purported marriage was attempted between James Leo White, their son, and one Elizabeth Mae Wentworth, and that the same was unlawful for the reason that the said James Leo White was under the age of 18 years at that time, being only 17 years of age, and the said Elizabeth Mae Wentworth was only 15 years of age at the said time, and that the consent of the parents to said marriage was not obtained either orally or in writing: that James Leo White and Elizabeth Mae Wentworth did not live together at the time of his death, and had been separate and apart for some time prior thereof and that he had wholly abandoned and refused to live with and support her; that because of the nonage of the parties, said attempted marriage was not lawful and is expressly prohibited and forbidden by law; and that the said attempted marriage was made within the state of Oklahoma, and in violation of its statutes, and that she was not his lawful wife.

On December 2, 1927, by leave of court first had, Elizabeth Mae White filed motion for leave to intervene in said cause, asking that she be made a party defendant, and alleging that she was the lawful wife of James Leo White, deceased, and is the lawful widow and heir at law of James Leo White, and that the petition of plaintiffs below (plaintiffs in error here) attacks the validity of the marriage of James Leo White and herself, and therefore she is a proper party defendant.

Thereafter, Elizabeth Mae White, by Floyd C. Wentworth, her father and next friend, as intervener, filed a demurrer in said cause alleging that the petition failed to state facts sufficient to constitute a cause of action.

Thereafter, the plaintiffs in error filed a motion to strike intervener's petition and plea, alleging that the same is unlawful and fails to show that petitioner has or claims an interest in the controversy adverse to the plaintiffs' rights, or that she is a necessary party to the complete determination of the action, and that the petition is unverified; that intervener has at this time a cause of action pending, involving the same subject-matter and against the same defendants,

and that a full determination of the present action would not prejudice her rights in her own action; and that she is interjecting herself in this action against the will or consent of both plaintiffs in error and defendants in error.

The court overruled said motion to strike and made said intervener a party defendant.

The general demurrer of intervener was sustained and plaintiffs in error refused to plead further. Judgment was entered for defendants below and the petition of plaintiffs below was dismissed. Motion for new trial was filed and overruled. Plaintiffs in error bring the cause here for review.

The first contention of plaintiffs in error is:

"1. Did the intervener have a right to come into this case over the objection of plaintiffs and did the court err in overruling their motion to strike?"

This assignment of error is without merit. The plaintiffs in error brought their action alleging in their petition they were the sole and only heirs at law of their deceased son, and alleged the marriage, but alleged that it was unlawful. Thereby a substantial right of the said intervener was being litigated.

Section 224, C. O. S. 1921, provides:

"The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a determination of the controversy cannot be had without the presence of other parties, the court must order them to be brought in."

Section 219, C. O. S. 1921, provides:

"Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein."

This section was construed in Edmondston v. Porter, 65 Okla. 18, 162 Pac. 692.

Where intervener voluntarily appears, the court has power to permit him to intervene. See Clevenger v. Lewis, 20 Okla. 837, 95 Pac. 230.

The next contention of plaintiffs in error is:

"2. Where alleged wife was a minor, aged 15, at the time of marriage, and alleged husband 17 years and no issue of such marriage, has the surviving infant the right under our law to sue for wrongful death of the other, or does this right go to the

next of kin, and did the court err in sustaining intervener's demurrer?"

Section 825, C. O. S. 1921, provides:

"In all cases where the residence of the party whose death has been caused as set forth in the preceding section, is at the time of his death in any other state or territory, or when, being a resident of this state, no personal representative is or has been appointed, the action provided in said section may be brought by the widow. * * *"

Under the above section, a widow is the proper person to bring actions of this kind where there is no personal representative. See C., R. I. & P. Ry. Co. v. Owens, 78 Okla. 50, 186 Pac. 1092; Id. 78 Okla. 114, 189 Pac. 171.

The next question to be determined is whether or not Elizabeth Mae White is the lawful widow of James Leo White.

Section 7490, C. O. S. 1921, provides:

"Any unmarried male of the age of 21 years or upward, or any unmarried female of the age of 18 years or upward and not otherwise disqualified, is capable of contracting and consenting to marriage; but no female under the age of 18 years and no male under the age of 21 years shall enter into the marriage relation, nor shall any license issue therefor, except upon the consent and authority expressly given, either in person or in writing, by a parent or guardian, and if such consent be given in writing the written instrument must be acknowledged before some officer authorized to take acknowledgments of deeds, and every male under the age of 18 years, and every female under the age of 15 years are expressly forbidden and prohibited from entering into the marriage relation: Provided, that this section shall not be construed to prevent the courts from authorizing the marriage of persons under the ages herein mentioned, in settlement of suits for seduction or bastardy, when such marriage would not be incestuous under this chapter."

In construing this section in connection with the penal statutes for marriage of persons under the ages set forth in the above section, this court held that such marriage is voidable only, and not void. See Hunt v. Hunt, 23 Okla. 490, 100 Pac. 541.

In the opinion, this court said, after reviewing the decisions from other states:

"The rule to be gathered from all of the foregoing cases of this character is that, notwithstanding the statute may penalize those who solemnize or those who enter into marriage contrary to statutory authority, the marriage itself is not void unless the statute itself so makes it, and hence in the case at bar, although the marriage was expressly forbidden and prohibited, it was voidable and not void. While marriage is a personal relation arising out of a civil contract, it differs to such an extent from all other contracts in its consequences to the parties and to the public that the rule that prohibited and penalized contracts that are void does not apply thereto. * * * This conclusion on our part necessarily establishes the proposition that the relation entered into between these parties constituted them husband and wife."

In the case of Hunt v. Hunt, supra, the male was 16 and the female 14 years of age.

Plaintiffs in error's only contention as to the marriage being unlawful was on account of the nonage of the parties. No questions were raised which would bring the marriage under the statutes with reference to void marriages.

Void marriages are defined by section 7489, C. O. S. 1921, as follows:

"Marriages between ancestors and descendants of any degree, of a stepfather with a stepdaughter, stepmother with stepson, between uncles and nieces, aunts and nephews, except in cases where such relationship is only by marriage, between brothers and sisters of the half as well as the whole blood, and first cousins, or second cousins, are declared to be incestuous, illegal and void, and are expressly prohibited."

Such marriages are illegal and void, as defined in section 7489, supra, but this statute does not apply in the case at bar. In the case at bar the parties were husband and wife, and the marriage was merely voidable and not void.

The cases cited by plaintiffs in error relate to void marriages and not to voidable marriages.

The marriage entered into between Elizabeth Mae Wentworth and James Leo White, on account of nonage, was voidable and not void, and said relation being in existence at the time of the death of the said James Leo White left Elizabeth Mae White his surviving widow, and as such—in the absence of a personal representative of his estate—could maintain an action for his wrongful death, and plaintiffs in error are without authority to maintain such action, and the court did not err in sustaining intervener's demurrer to the plaintiffs in error's petition.

Judgment of the trial court is affirmed.

LESTER, C. J., and RILEY, HEFNER, CULLISON. SWINDALL, ANDREWS, and KORNEGAY. JJ., concur. McNEILL, J., disqualified, not participating.