## MORTON v. BAKER.

No. 27899. June 14, 1938.

Rehearing Denied Sept. 27, 1938.

L. O. Lytle, Geo. C. Beidleman, and Henry M. Beidleman (Rex H. Anspaugh, on the brief), for plaintiff in error.

T. F. Shackelford. Cochran & Noble, and John L. Norman, for defendant in error.

PHELPS, J. This is an appeal from an order denying the application of plaintiff in error to file his petition in intervention in a cause pending in the district court of Okmulgee county.

The facts are substantially as follows: In July, 1935, Stacy Baker, defendant in error, filed his action in cause No. 20029 against Fanny E. Walker, C. H. Walker, O. H. Richards, and the plaintiff in error to recover on certain promissory notes executed by the defendants Fanny E. Walker and C. H. Walker to the plaintiff and to foreclose a real estate mortgage given to secure said indebtedness. Plaintiff in error and O. H Richards were made parties defendant in the foreclosure action under a general allegation in the petition of some claim or interest in the property involved the nature of which was unknown to plaintiff. The plaintiff in error filed an answer in which he denied generally the allegations in the petition and alleged further that the defendants Fanny E. Walker and C. H. Walker were indebted to him on a promissory note in the amount of $5.000 which was secured by a mortgage on the real estate involved in the foreclosure action. Further, that said note and mortgage had been sold and assigned by him to Baker to secure an indebtedness of plaintiff in error to Baker. That the latter had retained said note and mortgage and through negligence had permitted the indebtedness represented thereby to become barred by the statute of limitations. Plaintiff in error further alleged that there was another action pending in the same court wherein he was seeking to recover from Baker on the note and mortgage assigned in the sum of $9,200. In said answer plaintiff in error prayed that the action as to him be dismissed.

Thereafter, on May 4, 1936, Mrs. Baker, in open court, and in the presence of the attorney for plaintiff in error, filed her motion to dismiss the action as to the plaintiff in error. The motion was sustained and the cause dismissed as to Morton, from which order there was no appeal. No service was had on the defendant O. H. Richards, and the action was dismissed by plaintiff as against the defendant C. H. Walker. The case proceeded to trial before a jury on November 19, 1936, against

the remaining defendant Fanny E. Walker and resulted in a verdict for the plaintiff. On the day of the trial and before the commencement thereof, plaintiff in error requested permission of the court to file in said action his petition in intervention. In said petition it was alleged:

"That he was originally a party defendant to this cause of action, but for some reason unknown to him, plaintiff dismissed said cause as to this petitioner. * * *

"That contemporaneous with the loan of $10,000 to the defendants Walkers from the plaintiffs, your petitioner borrowed from the plaintiff the sum of $10,000 which was evidenced by his promissory note at the time; with the consent, knowledge and approval of the plaintiff, $5,000 of this sum was loaned to the defendants Walkers by petitioner, he to secure the payment thereof, taking a note and second mortgage from the Walkers on the property therein, with the further understanding and agreement between the defendants Walkers, and the plaintiff that all payments made by defendants Walkers were to be applied on the note of petitioner until the same should have been paid in full.

"Petitioner further states that at the time he placed the $5,000 note of Walkers to him, so secured by second mortgage, to the plaintiff as collateral security on the note of $10,000 of petitioner to plaintiff. That some time after this transaction petitioner renewed the note of $10,000 to the plaintiff, and that said $5,000 note of Walkers' to petitioner was placed as collateral on the renewal of said $10,000 note and that the same was retained by plaintiff, and petitioner at all times believed that payments were regularly being made by defendants Walkers on the $5,000 note, according to agreement.

"Petitioner further states that all payments made by defendants Walkers were made with the distinct understanding that the same were to be applied on the $5,000 note, but that plaintiff did not so apply said payments, but allowed said note to be and become barred by the statute of limitations, and plaintiff did not exercise due diligence in collection of said note, and thereby caused petitioner to lose the amount of said note and the security thereon, by way of mortgage on the premises sought to be foreclosed in this action.

"Petitioner states that notwithstanding the foregoing premises, that plaintiff now claims to be the owner and holder of said $5,000 note in a certain cause now pending in this court, being cause No. 20275, wherein Stacy Baker is plaintiff and defendants Walkers are joined with petitioner as defendants, seeking judgment against the defendants and petitioner in this cause for recovery of the $5,000 and a foreclosure of the premises under the claim that plaintiffs were the owners by assignment of the said $5,000 note made to this petitioner and the mortgage to secure the same.

"Petitioner further shows that said suit was brought on the last day allowed by the statute of limitations from a pretended payment of $100 on same, which was in truth and in fact never made; * * * that the defendant Fanny Walker is insolvent, save for the property sought to be foreclosed herein, and that a foreclosure and sale of the property herein would work irreparable injury to this petitioner. * * *"

Plaintiff in error contends the court erred in refusing him permission to file the petition in intervention and to become a party to said suit. In support of his contention he cites the case of Swift v. Black Panther Oil & Gas Co., 244 Fed. 20, wherein the Circuit Court of Appeals of the 8th Circuit held:

"In intervention there are two classes of cases, one in which the intervention is not indispensable to the preservation or enforcement of the claim of the petitioner, and there the permission to intervene is discretionary with the court. There is another class, in which the petitioner claims a lien upon or an interest in the specific property in the exclusive jurisdiction and subject to the exclusive disposition of a court, and his lien or interest therein can be established, preserved, or enforced in no other way than by the determination and action of that court. In this second class of cases, the petitioner has an absolute right to intervene in the proceeding, and permission for him to do so is not discretionary with the court, and its order refusing permission is reviewable by appeal."

The rule announced in the cited case has been sustained by this court in construing the provisions of sections 157, O. S. 1931, O. S. A. Title 12, sec. 236, and 158, O. S. 1931, O. S. A. Title 12, sec. 237. Board v. State ex rel. Bank Com'r, 117 Okla. 10, 242 P. 522; Simpson v. Hillis, 30 Okla. 561, 120 P. 572; Jones v. Security State Bank of Frederick, 120 Okla. 231, 251 P. 65; White v. McGee, 149 Okla. 65, 299 P. 222.

We have examined the cases cited by defendant in error in support of the judgment of the trial court in denying Morton's application to intervene; particularly the case of Stillwell Hotel Co. v. Anderson (Cal. App. 2d) 61 P.2d 71. The decision in the cited case is not in point in that therein the applicant did not present his petition to intervene until after trial of the cause and judgment had been rendered against the intervener. We are not persuaded that

the application of plaintiff in error to intervene should be denied because of the dismissal of the action against him in the foreclosure case and his failure to appeal from such order. Obviously, the plaintiff in the foreclosure action considered the claim or interest of plaintiff in error in the premises involved of sufficient importance to make him a party defendant in that action; which interest in the property consisted of a second mortgage thereon. The request for permission to intervene was accompanied by announcement that the application would be filed without prejudice to trial and that the petitioner was ready for trial.

Under the allegations of the petition in intervention some unusual conditions existed affecting all of the parties in the case. In view of the situation presented by the record, we conclude that the court erred in refusing plaintiff in error permission to intervene. Accordingly, the judgment is reversed and remanded, with directions to authorize the intervention.

BAYLESS, V. C. J., and CORN, GIBSON, and HURST, JJ., concur.