**GRAND RIVER DAM AUTHORITY,** Appellee,

v.

**A. Scott BROGNA, Appellant,**

**and**

**Carroll J. Jackson, Jr. and T. Yvonne Jackson, Defendants.**

**No. 74309.**

Court of Appeals of Oklahoma, Division No. 1.

Oct. 8, 1991.

Rehearing Denied Dec. 16, 1991.

Certiorari Denied March 17, 1992.

Robert E. Howard, Tulsa, for appellant.

Robert H. Tips, Tulsa, for appellee.

MEMORANDUM OPINION

GARRETT, Presiding Judge:

■ A. Scott Brogna (Appellant) is the owner of a leasehold interest in a producing oil well situated on land in Tulsa County, Oklahoma, which is the subject of a condemnation action brought by the Grand River Dam Authority (Appellee). The owners of the surface, Carroll J. Jackson, Jr. and T. Yvonne Jackson, are not parties to this appeal. Appellee sought to condemn the property to construct a power line. Appellant was not a named defendant in the condemnation action. He filed a motion to intervene pursuant to 12 O.S.Supp.1984 § 2024, claiming he was a necessary party to the condemnation action because it would impair his ability to protect his interest. He alleged that intended offset wells were in the same location as the electrical line easements of Appellee. Appellant appeals the denial of his motion to intervene and the overruling of his motion for new trial.

In its objection to Appellant's motion to intervene, Appellee argued that Appellant is not one of those persons contemplated by

the statute to allow intervention. Appellant contends the trial court erred in holding that the owner of an oil and gas leasehold interest is not one of those parties contemplated in a condemnation proceeding, and thus has no intervention of right under 12 O.S.Supp.1984 § 2024(A)(2). The trial court denied Appellant's motion to intervene, without stating findings of fact or conclusions of law. There is no transcript of either hearing.

12 O.S.Supp.1984 § 2024(A) and (B) provide:

A. INTERVENTION OF RIGHT. Upon timely application anyone shall be permitted to intervene in an action:

1. When a statute confers an unconditional right to intervene; or

2. When the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest.

B. PERMISSIVE INTERVENTION. Upon timely application anyone may be permitted to intervene in an action:

1. When a statute confers a conditional right to intervene; or

2. When an applicant's claim or defense and the main action have a question of law or fact in common....

In his proposed Intervention Counter–Claim in Condemnation Proceeding, Appellant alleged that he owned a leasehold interest in the subject real property. He alleged that Appellee, by the construction of the electrical transmission line easement, would cause him injury by interfering with his ability to maintain his existing well, and by preventing him from drilling additional wells in his first-choice locations within the subject right of way. He sought a judgment compensating him for this governmental taking in the condemnation proceedings.

■ Intervention should be allowed upon proper allegations in the petition showing the party has an interest in the subject of the litigation. *Morton v. Baker,* 183 Okl. 406, 82 P.2d 998 (1938). A leasehold interest in oil and gas, i.e., the right to enter the surface for purposes of exploration, is in the nature of a property right. See *Turley v. Flag–Redfern Oil Co.,* 782 P.2d 130 (Okl.1989); *Davis Oil Co. v. Cloud,* 766 P.2d 1347 (Okl.1986).

■ With consideration given only to compensating the surface owners for their interest in the property, Appellant's leasehold interest in the minerals underneath the surface would go uncompensated. We agree with Appellee that *Grand River Dam Authority v. Gray,* 192 Okl. 547, 138 P.2d 100 (1943), holds there is but one estate involved in this condemnation proceeding. However, that case dealt only with competing interests in the surface estate and did not involve a party seeking intervention. All owners of the estate being condemned are entitled to be heard and to claim their share of the condemnation money. The trial court erred in denying Appellant's motion to intervene. It should have been granted as a matter of right, pursuant to 12 O.S.Supp.1984 § 2024(A)(2).

REVERSED AND REMANDED.

BAILEY and ADAMS, JJ., concur.