910 P.2d 110

**Wayne METCALF, Insurance Commissioner of the State of Hawai'i, Petitioner–Appellee,[1]**

v.

**INVESTORS EQUITY LIFE INSURANCE COMPANY OF HAWAI'I, LTD., a Hawai'i Corporation, Respondent,**

**and**

**Investors Equity Life Insurance Holding Company, Intervenor–Appellant.**

**No. 18691.**

Supreme Court of Hawai'i.

Jan. 11, 1996.

Wayne S. Sakamoto (of counsel) (John Francis Perkin, Lyle Hosoda, Kimble R. Cook and Donald L. Wilkerson, with him on the briefs, of Perkin & Hosoda), Honolulu, for intervenor/respondent-appellant.

John Y. Yamano (William C. McCorriston and Joel D. Kam, with him on the brief, of McCorriston Miho Miller Mukai), Honolulu, for petitioner-appellee.

David J. Reber (Karen L.S. Stanitz and Russell K. Kaupu, with him on the brief, of Goodsill Anderson Quinn & Stifel), Honolulu, for intervenor-appellee.

Before MOON, C.J., and KLEIN, LEVINSON, NAKAYAMA and RAMIL, JJ.

PER CURIAM.

Intervenor-Appellant Investors Equity Life Insurance Holding Company (IELHC) appeals from the circuit court's January 27, 1995 order granting Petitioner–Appellee's petition to liquidate Investors Equity Life Insurance Company of Hawaii (IEL) pursuant to Hawai'i Revised Statutes (HRS) chapter 431, article 15 (1993), the Insurers Supervision, Rehabilitation and Liquidation Act (Article 15).[2] IELHC, which is IEL's parent

---

1. Wayne C. Metcalf succeeded Lawrence M. Reifurth as the Insurance Commissioner of the State of Hawai'i during the pendency of this action. Pursuant to Hawai'i Rules of Appellate Procedure (HRAP) Rule 43(c)(1), Metcalf has been substituted automatically for the Petitioner–Appellee in the instant case. Although not a named party, the Hawaii Life and Disability Insurance Guaranty Association is expressly granted standing to appear in the delinquency proceedings in this case under HRS § 431:16–208(*l*) (1993).

2. HRS § 431:15–306 (1993) provides:

   **Grounds for liquidation.** The commissioner may petition the circuit court of the first judicial circuit for an order directing the commissioner to liquidate a domestic insurer or an alien insurer domiciled in this State on any ground under which the commissioner may apply for an order of rehabilitation under section 431:15–301, whenever the commissioner believes that attempts to rehabilitate the insurer would substantially increase the risk of loss to its creditors, its policyholders or the public,

   or would be futile, or that rehabilitation would serve no useful purpose, whether or not there has been a prior order directing the rehabilitation of the insurer.

   The provisions of HRS § 431:15–301(a) relevant to the instant case are:

   **Grounds for rehabilitation.** (a) The commissioner may apply by petition to the circuit court of the first judicial circuit for an order authorizing the commissioner to rehabilitate a domestic insurer or an alien insurer domiciled in this State, on any one or more of the following grounds whenever the commissioner reasonably believes that the insurer may be successfully rehabilitated without substantial increase in the risk of loss to the insurer's policyholders, creditors, or to the public:

   (1) The insurer is insolvent;

   (2) The insurer is in such condition that the further transaction of business would be hazardous, financially, to its policyholders, creditors or the public;

   ... [or]

   (12) The insurer has failed to file its annual report or other financial report required by

company,[3] raises two points of error on appeal: 1) there is insufficient evidence in the record to support the circuit court's findings of fact (FOF) and conclusions of law (COL); and 2) the circuit court's failure to provide for a full evidentiary hearing was a denial of IELHC's right to due process. We do not reach these contentions, however, because IELHC lacked standing to oppose the liquidation petition in the circuit court.

The dispositive issue in this case is whether IELHC had standing to appear before the circuit court, notwithstanding the court's August 10, 1994 order approving the parties' stipulation to allow IELHC to intervene in the delinquency proceedings for the purpose of proposing a rehabilitation plan.

Although HRS § 431:15–307(d) (1993) provides that the circuit court may make the necessary declarations in a proceeding to liquidate an insurance company "[a]fter providing such notice and hearing *as it deems proper*" (emphasis added), the court's decision to provide IELHC an opportunity to participate in these delinquency proceedings did not, in itself, confer standing on the company. Article 15 does not recognize the interests of shareholders, like IEHLC, of an insolvent insurance company. *Cf. Hartnett v. Southern Am. Fire Ins. Co.,* 495 So.2d 902, 903 (Fla.Dist.Ct.App.1986) (affirming the trial court's holding that shareholders of an insolvent insurance corporation did not have standing to participate in delinquency proceedings). Rather, HRS § 431:15–104(c) (1993) provides:

> No court of this State has jurisdiction to entertain, hear or determine any complaint praying for the dissolution, liquidation, rehabilitation, sequestration, conservation, or receivership of any insurer, or *praying for an injunction or restraining order or other relief* preliminary to, incidental to, or relating to that type of proceedings other than in accordance with this article.

(Emphases added.) Under Article 15, the Insurance Commissioner possesses the sole discretion to prepare a rehabilitation plan "*[i]f* the rehabilitator [i.e., the Insurance Commissioner] determines that reorganization, consolidation, conversion, reinsurance, merger, or other transformation of the insurer is *appropriate* [.]" HRS § 431:15–303(d) (emphases added).[4] Furthermore, HRS § 431:15–305(a) (1993) provides in pertinent part that "[t]he court shall permit *the directors of the insurer* to take such actions as are reasonably necessary to defend against the petition[.]" (Emphasis added.)

Like the Florida statute construed in *Hartnett, supra,* the purpose of Article 15 is for "the protection of the interests of *insureds, claimants, creditors,* and the *public* generally with minimum interference with the normal prerogatives of the owners and managers of insurers[.]" HRS § 431:15–101(d) (emphases added). "Absent from the purpose of the act is the protection of *shareholders* of the insolvent insurance company. Section [431:15–101(c) ] provides that the act 'shall be liberally construed to effect the purpose stated in subsection ( [d] ).'" *Hartnett,* 495 So.2d at 903 (emphasis in original).[5] Therefore, we hold that IELHC did not have standing to oppose the petition to liquidate IEL in the instant case.

Accordingly, this appeal is dismissed for lack of IELHC's standing to oppose the petition to liquidate IEL in the circuit court.

---

statute within the time allowed by law and, after written demand by the commissioner, has failed to give an adequate explanation immediately[.]

3. IEL, which was purchased by IELHC in 1991, is an insurance company involved primarily in the issuance of deferred annuities as well as traditional and interest-sensitive life insurance policies.

4. We expressly decline to decide the question whether it is an abuse of discretion for the circuit court to rely upon arguments presented "[a]fter providing such notice and hearing as it deems proper" under HRS § 431:15–307(d), when issuing an order resolving a petition for liquidation.

5. We observe that IELHC "do[es] not assert that the board of directors of [IEL] failed to protect their interests or any special aspect thereof." *Minor v. Stephens,* 898 S.W.2d 71, 76 (Ky.1995) (holding, inter alia, that shareholders were not entitled to appointment of an official committee to protect their interests).