2001 OK CIV APP 152

STATE of Oklahoma, ex rel. John P. CRAWFORD, Insurance Commissioner, Petitioner/Appellee,

and

Oklahoma Life & Health Insurance Guaranty Association, Intervening Petitioner,

v.

AMERICAN STANDARD LIFE AND ACCIDENT INSURANCE COMPANY, a domestic insurer in the State of Oklahoma, Respondent,

and

David J. Nicholas Insurance Company, Inc.; David J. Nicholas; and The Nicholas Equity Holders of American Standard Life Insurance Co., Intervenors/Appellants.

No. 94,318.

Court of Civil Appeals of Oklahoma, Division No. 3.

Nov. 9, 2001.

Chris L. Rhodes, III, Robert P. Redemann, Andrew D. Downing, Rhodes, Hieronymous, Jones, Tucker & Gable, P.L.L.C., Tulsa, OK, for Petitioner/Appellee.

David J. Nicholas, Edmond, OK, Pro Se.

## OPINION

Opinion by KENNETH L. BUETTNER, Presiding Judge.

¶1 In 1991, American Standard Life and Accident Insurance Company (ASL) was placed in receivership. Efforts to rehabilitate ASL were not successful. In 1997, the trial court ordered it liquidated. Intervenors/Appellants, David J. Nicholas Insurance Company, Inc., David J. Nicholas, and The Nicholas Equity Holders of American Standard life Insurance Co. (collectively, Appellants) [1], seek review and reversal of the order

---

1. In the instant appeal, Appellants were represented by attorneys who filed a brief in chief.

of the liquidation court denying them the right to intervene in the liquidation proceedings in order to pursue a claim owned by the Receiver.[2,3]

¶ 2 On July 16, 1999, Appellants filed their Amended Motion to Intervene. The alleged purpose of the intervention was to allow Appellants to intervene as plaintiffs and (in effect) represent ASL and the Receiver in asserting a claim against the Pennsylvania Life & Health Insurance Guaranty Association by and for the Life Assurance Company of Pennsylvania (Pennsylvania Life & Health). They alleged Pennsylvania Life & Health filed an amended claim against ASL for $35.6 million, when, in fact, ASL is entitled to more than $30 million back from Pennsylvania Life & Health. Appellants allege that their right and interest as creditors[4] of ASL has not and will not be protected by the Receiver. The trial court's order denying the motion to intervene provides, in pertinent part:

The Court, having heard and considered the arguments of Counsel and being fully advised via memorandums of law, finds that the Nicholas Equity Holders' Amended Motion and Petition to Intervene should be denied in all respects for the following reasons:

a. The Nicholas Equity Holders have no right to intervene pursuant to 12 O.S. 2024;

b. The Nicholas Equity Holders lack the requisite standing to intervene;

c. The issues and claims the Nicholas Equity Holders put forth as the basis for intervention are the settled law of the case and barred by the doctrine of *res judicata;*

d. The issues and claims the Nicholas Equity Holders put forth as the basis for intervention are the settled law of the case and barred by the doctrine of collateral estoppel.

IT IS THEREFORE ORDERED that the Nicholas Equity Holders' Amended Motion and Petition to Intervene is denied.

¶ 3 In their brief, Appellants assert four propositions of error:

Proposition I: The District Court erred in determining that the Nicholas Equity Group has no right to intervene.

Proposition II: The District Court erred in determining that the Nicholas Equity Group lacked standing to intervene.

Proposition III: The District Court erred in determining that the issues and claims set forth by the Nicholas Equity Group are settled law and barred by the doctrine of res judicata or claim preclusion.

Proposition IV: The District Court erred in determining that the issues and claims set forth by the Nicholas Equity Group are

These attorneys filed a Motion to Withdraw which was granted. There has been no appearance or filings by any new counsel for Appellants or by any Appellant, *Pro se.* The individual Appellant is now deemed to be appearing *pro se.* The corporate Appellants are now unrepresented parties. The brief filed by Appellants' previous attorneys will be considered.

2. The current Insurance Commissioner and Receiver is Carroll Fisher.

3. Appellants previously appealed the order of liquidation. Before a decision on the merits was entered, they dismissed the appeal. The order of liquidation therefore stands as a final order. On April 15, 1999, Appellants filed a Petition to Vacate the Order of Liquidation pursuant to 12 O.S.1991 § 1031 *et seq.* They alleged irregularity, unavoidable casualty or misfortune, and fraud. The trial court denied the petition and they appealed. That appeal was dismissed for failure to prosecute. See No. 93,372. The order denying the petition to vacate stands as a final

order. According to the brief of Petitioner/Appellee, the State of Oklahoma, *ex rel.* John P. Crawford, Insurance Commissioner (Appellee) and not denied by Appellants, prior appellate proceedings, other than the one being considered in this opinion include the following: Case No. 82,049—voluntary dismissal of appeal by Nicholas; Case No. 82,692—order appealed by Nicholas affirmed by memorandum opinion; Case No. 84,800—order appealed by Nicholas affirmed by memorandum opinion; Case No. 84,-863—order appealed by Nicholas affirmed by memorandum opinion; Case No. 90,558—voluntary dismissal of appeal by Nicholas; Case No. 91,701—order appealed by Nicholas affirmed by memorandum opinion; Case No. 93,372—Nicholas' appeal dismissed by the court for failure to prosecute; and, Case No. 93, 476—Nicholas' appeal dismissed by the court for failure to prosecute. The list includes the two cases mentioned above.

4. As stockholders, equity holders, and creditors of ASL.

settled law and barred by the doctrine of collateral estoppel or issue preclusion.

¶4 Appellants contend the trial court erred in holding they were not entitled to intervene as a matter of right. In addition, they argue the court should have permitted them to intervene as a matter of permissive intervention. Appellants argue that 12 O.S. 1991 § 2024, part of the Oklahoma Pleading Code, controls in this appeal. For case authority they cite *Morton v. Baker*, 1938 OK 409, 82 P.2d 998, and *Grand River Dam Authority v. Brogna*, 1991 OK CIV APP 104, 827 P.2d 901. Appellee responds that § 2024 does not give Appellants an unconditional right to intervene and that Appellants do not have any interest relating to the property or transaction. Therefore, Appellee contends, intervention as a matter of right does not exist. Appellee contends § 2024 does not permit permissive intervention because no statute confers a conditional right to intervene and Appellants have no claim or defense in common with the "main action" as to law or fact. Section 2024 provides in part:

A. INTERVENTION OF RIGHT. Upon timely application anyone shall be permitted to intervene in an action:

1. When a statute confers an unconditional right to intervene; or

2. When the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest.

B. PERMISSIVE INTERVENTION. Upon timely application anyone may be permitted to intervene in an action:

1. When a statute confers a conditional right to intervene; or

2. When an applicant's claim or defense and the main action have a question of law or fact in common.

. . .

¶5 Appellee cites the Oklahoma Uniform Insurers Liquidation Act (OUILA, 36 O.S. 1991 §§ 1901 *et seq.,* as amended) and argues that it controls this matter. He claims that the shareholders are interested only as Class 10 creditors, which is the last priority class, and that they would be entitled to a distribution only if all other liabilities are first paid.[5] Appellee concedes Appellants may file a claim in the liquidation as Class 10 creditors, but asserts they are otherwise not entitled to participate in proceedings involving individual assets administered by the Receiver. The OUILA provides for the appointment of the Insurance Commissioner as the receiver for an insurer in a delinquency proceeding. Title 36 O.S.1991 § 1914 (A) and (B) provides:

A. Whenever under this article a receiver is to be appointed in delinquency proceedings for a domestic or alien insurer, the court shall appoint the Insurance Commissioner as such receiver. The court shall order the Insurance Commissioner forthwith to take possession of the assets of the insurer and to administer the same under the orders of the court.

B. As domiciliary receiver, the Insurance Commissioner shall be vested by operation of law with the title to all of the property, contracts, and rights of action and all of the books and records of the insurer, wherever located, as of the date of entry of the order directing him to rehabilitate or liquidate a domestic insurer or to liquidate the United States branch of an alien insurer domiciled in this state, and he shall have the right to recover the same and reduce the same to possession; except that ancillary receivers in reciprocal states shall have, as to assets located in their respective states, the rights and powers which are herein prescribed for ancillary receivers appointed in this state as to assets located in this state.[6]

. . .

¶6 Oklahoma has long followed the rule that where a matter is addressed by two statutes, one specific and the other general, the specific statute prevails over the general

---

5. Appellee refers to the Order of Liquidation dated November 21, 1997, wherein the court found ASL to be $37 million insolvent. Nicholas appealed that order, but the appeal was dismissed.

6. This statute was amended in 2000, but the amendments did not change its meaning and are not material to the issue being considered.

one. *Hall v. Globe Life and Accident Insurance Company of Oklahoma*, 1999 OK 89, 998 P.2d 603, 605. At best for Appellants, this is the case here. The OUILA controls. If any right of action existed in favor of ASL, it was and is now vested in the Receiver. Appellants' Motion to Intervene as a Plaintiff was properly denied for lack of standing. Any other ruling would have been contrary to § 1914(B). General creditors in the receivership do not have the direct interest in any single asset of the receivership to justify intervention in the Receiver's action to administer the assets. If a Class 10 creditor was held to have such a direct interest, then all claimants would have a sufficient interest to support intervention in practically every action by the Receiver. This would thwart the purposes of § 1914.

¶ 7 Appellants opposed the liquidation order, but that order is final. As to the right of stockholders in a corporate insurance company to intervene in a delinquency proceeding, at the liquidation stage, in any manner other than to file claim as Class 10 creditors, this may be a matter of first impression. None of the parties cite any Oklahoma court decision answering the question, and we are not familiar with such a decision. Appellee points out that numerous other states have statutes which are the same as or substantially similar to the OUILA. Other states have held that shareholders do not have standing to redress an injury to their insolvent insurer. See *Franchise Tax Board of California v. Alcan Aluminium Ltd.*, 493 U.S. 331, 336, 110 S.Ct. 661, 665, 107 L.Ed.2d 696 (1990) ("Shareholder standing rule" is longstanding equitable restriction prohibiting shareholders from initiating actions to enforce rights of corporation unless corporation has refused to act for reasons other than good faith business judgment. Exception exists where shareholder has direct, personal interest in the cause of action.); *Hartnett v. Southern American Fire Ins. Co.*, 495 So.2d 902, 903 (Fla.App.1986) (majority shareholders of insolvent insurance corporation sought to challenge receiver's actions, but were denied on basis of lack of standing.); *Plaza B.V. v. Stephens*, 913 S.W.2d 319, 321 (Ky. 1996) (Shareholders of insurance company had no property rights in the company where

the company's assets are insufficient to satisfy its liabilities to the policyholders, and shareholders do not possess expectation of compensation so as to constitute a property interest which might confer standing in insurance company's liquidation proceedings.); *Metcalf v. Investors Equity Life Ins. Co.*, 80 Hawai'i 339, *910 P.2d 110* (Hawaii 1996) (Shareholder did not have standing to oppose petition to liquidate insurance company.); and *Ainsworth v. Old Sec. Life Ins. Co.*, 685 S.W.2d 583, 586 (Mo.App.1985) (Receivership is not an "action" under rule permitting intervention in an action, thus sole shareholder was not permitted to intervene in receivership of insurance company in a delinquency proceeding.). We agree and hold Appellants did not have standing to intervene. The trial court's ruling was correct.

¶ 8 It becomes unnecessary to decide any other issue presented by the parties.

¶ 9 AFFIRMED.

HANSEN, C.J., concurs; CARL B. JONES, J., sitting by designation, concurs.