2008 OK CIV APP 50

STATE of Oklahoma, ex rel. Kim Holland, in her capacity as Insurance Commissioner and as Receiver for Heritage National Insurance Company, Plaintiff/Appellant,

v.

HERITAGE NATIONAL INSURANCE COMPANY, a licensed domestic insurer in the State of Oklahoma, in Receivership, Defendant,

and

Steven B. Silverstein, Appellee.

No. 103,904.

Court of Civil Appeals of Oklahoma, Division No. 3.

Feb. 1, 2008.

Certiorari Denied April 14, 2008.

Daniel D. Draper, III, Rhodes, Hieronymus, Jones, Tucker & Gable, P.L.L.C., Tulsa, OK, for Plaintiff/Appellant.

Thomas E. Prince, Prince Law Office, P.C., Edmond, OK, for Appellee.

James W. Rhodes, R. Thomas Lay, Kerr, Irvine, Rhodes & Ables, Oklahoma City, OK, for Amicus Curiae Oklahoma Life and Health Insurance Guaranty Association.

Kenneth L. Buettner, Presiding Judge.

¶ 1 Plaintiff/Appellant State of Oklahoma, *ex rel.* Kim Holland (Receiver), Insurance Commissioner and Receiver for Heritage National Insurance Company (Heritage), appeals the trial court's "Final Order Overruling Receiver's Combined Motion to Strike

and for Order Directing Section 1938 Representative's Rights." The plain language of 36 O.S.2001 § 1938 shows that Appellee Steven B. Silverstein, as Heritage's controlling shareholder at the time the delinquency proceedings began, is entitled to notice of the Receiver's applications for compensation, and is entitled to appear, testify, call witnesses, cross-examine witnesses, and present evidence at the hearings on such applications. The trial court acted within its discretion in finding that this language embraces Silverstein filing written objections before the hearings. We affirm the trial court's order refusing to strike Silverstein's written objections to § 1938 applications for approval of compensation.

¶ 2 Only a brief summary of the facts is relevant to the issue presented in this appeal, which is the interpretation and application of one provision of the Oklahoma Uniform Insurers Liquidation Act (OUILA).[1] The trial court initially placed Heritage under conservatorship, then into receivership.[2] The trial court appointed then-Insurance Commissioner Carroll Fisher as Receiver for Heritage.[3]

¶ 3 The Order Appointing Receiver enjoined Heritage shareholders from interfering with the receivership proceeding, pursuant to 36 O.S.2001 § 1904(B). The Order also granted Receiver authority to employ counsel and assistant commissioners, pursuant to 36 O.S.2001 § 1914(F).

¶ 4 In addition to authorizing Receiver to employ counsel and assistants, OUILA also provides for compensation of such personnel. The statute at issue in this appeal requires the receiver to seek trial court approval of requests for compensation for counsel and assistants. Section 1938 of the OUILA provides:

Delinquency proceeding—Compensation of personnel

A. In any proceeding commenced against an insurer pursuant to Article 18 or 19 of this title for the purpose of liquidating, rehabilitating, reorganizing or conserving such insurer, hereinafter called delinquency proceeding, *the compensation of personnel employed or retained to assist the Insurance Department with the proceeding shall be approved by the court at a full hearing before the compensation may be paid.* The Insurance Commissioner shall apply to the court for the hearing; provided, that if any board has been created by law to commence and administer delinquency proceedings under Article 18 or 19 of this title, or if any association is authorized by the Commissioner to provide assistance to the Commissioner, the board or association shall apply to the court. Provided, this section shall not apply to a supervisorship authorized by Article 18 of this title.

B. Upon receiving the application for approval of compensation, the court shall schedule a hearing. *The party responsible for the filing of the application shall cause notice in writing of the application and hearing to be served upon the following persons* not less than ten (10) days before the hearing is scheduled:

1. The persons or firms requesting the compensation;

2. The Commissioner, if not the applicant; and

3. *Ten persons, or such lesser number as there may be, who hold the largest number of shares in the insurance company involved in the delinquency proceeding, as indicated by the company's stock register as of the time that the company was placed under supervision* pursuant to Section 1804 of this title or at the time that an application was filed with the court for the commencement of a delinquency proceed-

---

1. 36 O.S.2001 §§ 1901 *et seq.* Receiver has included many other assertions of fact, mostly showing Silverstein as a bad actor in the delinquency of Heritage, but as we explain below, those facts do not bear on the application of the statute at issue here.

2. In that order, the court found that Silverstein owned the controlling interest in Heritage. As will be explained further below, because Silver-

stein was the controlling shareholder at the time the delinquency proceedings began, he is entitled to notice of applications for approval of fees under § 1938.

3. The trial court entered an order June 16, 2006, in which it substituted Insurance Commissioner Kim Holland as Receiver and changed the litigation style to reflect the substituted party.

ing pursuant to Section 1903 of this title. *Said shareholders shall serve as representatives of the insurance company.*

C. The notice shall state the time and place of the hearing, the reasons for the hearing and the following rights of any party served with notice:

1. To appear in person at the hearing or to be represented by counsel;

2. To testify under oath, call witnesses to testify, and furnish documentary evidence, relevant to the determination of the compensation;

3. To cross-examine witnesses and have a reasonable opportunity to inspect all documentary evidence; and

4. To subpoena witnesses and compel the production of testimony and documents, relevant to the determination of the compensation. The person making service shall make an affidavit of such service and file the notice and affidavit with the court.

D. *At the hearing, the court shall fully investigate the compensation of persons employed or retained to assist the Insurance Department with the conduct of the delinquency proceeding.* The court shall not approve the compensation until it has been made to appear to the satisfaction of the court, based upon competent evidence, that such compensation is justified.

(Emphasis added, footnotes omitted).

¶ 5 Receiver does not dispute that Silverstein was one of three shareholders, and the trial court found that Silverstein was the controlling shareholder at the time Heritage was placed under supervision. As such, Silverstein was entitled to, and was given, notice of Receiver's applications for compensation of personnel. Silverstein frequently responded to the notices by filing written objections in addition to appearing at the hearings on the applications.

¶ 6 Receiver sought an order striking Silverstein's previously-filed written objections and preventing Silverstein from filing any future objections to the applications for compensation. After a hearing, the trial court issued its Final Order Overruling Receiver's

Combined Motion to Strike and for Order Directing Section 1938 Representative's Rights.[4] The trial court found that Silverstein is a party entitled to notice under § 1938(B), and that he is entitled to the rights outlined in § 1938(C). The trial court found Silverstein had exercised his rights under § 1938(C). In particular, the court held "... Mr. Silverstein, ... is entitled to appear for the purpose of checking, reviewing, inquiring and objecting (orally and in writing) to any compensation he sees as improper. As such, the Court finds that Mr. Silverstein's objections are properly filed in this case and they will not be stricken." It is from that order that Receiver appeals.

¶ 7 Proceedings under OUILA are special proceedings in the nature of equity. *State ex rel. Crawford v. Indemnity Underwriters Ins. Co.,* 1997 OK CIV APP 37, 943 P.2d 167, citing *State ex rel. Hunt v. Green,* 1973 OK 29, 508 P.2d 639, 642. In cases of equitable cognizance, we will not disturb the trial court's judgment unless it is against the clear weight of the evidence or contrary to law.

¶ 8 Receiver's primary argument is that because § 1938(C) does not include the word "object," then the trial court necessarily expanded the statutory language by allowing Silverstein to file written objections in advance of the hearings on Receiver's applications for compensation of personnel. Receiver first relies on an unpublished decision of another division of this court, involving the same parties, which held that the terms of § 1938(A) could not be expanded to allow an award of attorney fees to Silverstein for successfully reducing compensation requested by Receiver.[5] The obvious distinction is that attorney fees may only be awarded where a specific statute provides for such an award. And, § 1938(A) authorizes "compensation for personnel employed or retained to assist the Insurance Department with the proceeding." Receiver in that case argued that Silverstein had not been employed or retained by the Insurance Department. Silverstein argued that based on § 1938(B)(3), he was the repre-

---

4. The trial court certified its order for immediate review, pursuant to 12 O.S.2001 § 994.

5. Unpublished decision in Case No. 102,703, filed October 24, 2006.

sentative of Heritage and therefore stood in the shoes of Receiver. The appellate court held that to adopt Silverstein's interpretation of the statute would require the court to rewrite § 1938. The court left that task to the Legislature. The court found there was no statutory basis to award attorney fees for a shareholder's successful opposition to a compensation request.

¶ 9 Receiver here argues that allowing Silverstein to file written objections likewise expands the limits on the controlling interest holder's rights outlined in § 1938(C). At the hearing on Receiver's Combined Motion, Receiver argued that the § 1938(C) rights are expressly limited to appearing, testifying, calling witnesses, furnishing evidence, examining witnesses and inspecting evidence. The trial court asked Receiver how those rights did not include making an objection. Receiver responded that "object" is not mentioned in the statute. The trial court found that Silverstein's right to appear and present evidence included the right to make an oral objection to the compensation requested. And, the trial court announced that if a party may object orally, then that party could file such objection in advance of the hearing.

¶ 10 Section 1938(C) requires that Silverstein be given notice of the enumerated rights. The first, the right to appear or be represented by counsel, would be meaningless if it was construed to be only the right to sit silently in the courtroom.[6] The remainder of § 1938(C) clearly establishes that the right to appear means more than that, by granting the notified party the right to participate in the hearing. In particular, the right to testify under oath must include the right to state an objection as part of testimony. We agree with the trial court that the making of an oral objection is necessarily part of the rights afforded those entitled to notice of the hearing. We therefore see no basis for Receiver's claims that by allowing Silverstein to make an objection, the trial court expanded the rights afforded by § 1938(C) or exceeded its jurisdiction.[7]

¶ 11 We likewise agree with the learned trial court that if an oral objection is included in the rights granted in § 1938(C), nothing prevents Silverstein from filing written notice of those objections. The trial court indicated its preference to know in advance the parties' arguments. That serves the trial court's purpose, and required task, of determining if the fees requested are justified. The advance filing of notice of objection also serves to protect Receiver from being surprised or ambushed at the hearing, despite Receiver's apparent wish to take such a gamble in this case. And, as noted on several of the notices delivered to Silverstein, Oklahoma District Court Rule 4(e) requires any party opposing a motion to serve and file a brief or list of authorities in opposition to the motion or the motion may be deemed confessed. It is unclear whether a party receiving notice pursuant to § 1938(B) must file a notice of its objection, but certainly that rule, and its citation on Receiver's notices to Silverstein, support our holding that the trial court properly found no bar to filing written

---

6. Receiver claims that the § 1904(B) injunction against interfering with the receivership, which was included in the original Order Appointing Receiver, means that Silverstein must sit silently in the courtroom. The rights granted in § 1938(C) are more specific than the general, and permissive, language in § 1904(B) that the trial court may issue an injunction to prevent interference. More importantly, however, Receiver has failed to show how Silverstein's objections have interfered with the receivership. The trial court is charged with determining if the compensation requests are justified. The basis for that requirement is to protect the assets of the receivership estate, and the rights afforded in § 1938(C) serve as an important check on a receiver's claims for compensation and help the trial court determine which fees to approve.

7. Receiver cites *State, ex rel. Hunt v. Green,* 1973 OK 29, 508 P.2d 639, for her claim that this is a special proceeding in which the trial court's jurisdiction is limited by the terms of the statute. In *Green,* the insurance commissioner sought a writ of prohibition to stop the trial judge from purporting to act as the receiver in a delinquency proceeding. The Oklahoma Supreme Court held that OUILA expressly limits the trial court's jurisdiction, upon application for receivership proceedings, to either granting or denying the application, and if granting it, then appointing the insurance commissioner as receiver. *Id.* at 642. Receiver has failed to present authority showing that the trial court exceeded its jurisdiction by allowing Silverstein to file written objections to Receiver's applications for compensation where the statute plainly allows Silverstein to appear and be heard at the hearing.

objections to applications for payment of receivership personnel.

¶ 12 Receiver next claims that Silverstein's objections serve no purpose but to drain resources from the liquidation estate. That concern is not relevant under the plain language of § 1938.[8] The statute requires Receiver give the required notice not less than ten days before the hearing. While Silverstein may be willing to prepare an objection in ten days, nothing requires Receiver to file a response to such an objection. A hearing is required, and certainly Receiver would have to appear and support her claim for compensation at the hearing whether or not an objection was filed.

■ ¶ 13 Receiver next argues Silverstein's objections should be struck because Silverstein has no hope of recovering any money from the liquidation of Heritage. Receiver asserts that because of Silverstein's bad acts and because he has no financial interest in the case, he lacks standing to object to Receiver's applications for compensation.[9] Shareholders do not have standing to intervene in a receivership proceeding. *State ex rel. Crawford v. American Standard Life and Acc. Ins. Co.,* 2001 OK CIV APP 152, 37 P.3d 971. We note that the Missouri Court of Appeals, without reference to a statute similar to § 1938, has held that while an insurance company stockholder may not intervene in a receivership proceeding (because it is not an "action"), such a stockholder nevertheless may appear and object to requests for fees and expenses. *Ainsworth v. Old Sec. Life Ins. Co.,* 685 S.W.2d 583, 586–587 (Mo.App.1985).[10] As noted above, § 1938 expressly grants Silverstein standing to appear and present testimony and evidence. That section sets a clear date for determining who is entitled to notice of applications for compensation: the date the company was placed under supervision. Nothing in § 1938, or indeed in OUILA, provides for a different application of the statute based on a shareholder's lack of financial stake in the liquidation, his ulterior motives in appearing, or his bad acts leading to the delinquency proceeding. Any change in the statute to so provide must be made by the Legislature.

¶ 14 Receiver next complains that the trial court has effectively allowed Silverstein to turn the compensation approval hearings into adversarial attorney fees award hearings rather than administrative approval of fees hearings. Receiver's argument in this regard seems to be that a receiver must present a thorough record supporting the compensation requested and therefore the trial court does not craft an award of fees, but simply approves the fees requested. Certainly, if Receiver's record in support of its compensation request is as thorough as sug-

---

8. This is not a case where Receiver has requested sanctions for vexatious, harassing, or oppressive litigation conduct under *City Natl. Bank v. Owens,* 1977 OK 86, 565 P.2d 4. We are only called on to interpret § 1938, and whether a party entitled to notice and given rights to participate in compensation approval hearings may be prevented from objecting orally or in writing to the requests. We note that on at least one occasion the trial court found Silverstein's efforts were made in good faith and resulted in savings to the estate.

9. In making her claim on the issue of standing, Receiver expresses frustration that Silverstein has labeled himself the "representative of the insurance company" in his objections. We fail to see the harm in this label, particularly where § 1938(B)(3) provides that the shareholders entitled to notice, which Silverstein is here, "shall serve as *representatives* of the insurance company." It has previously been determined that such statement does not allow Silverstein to recover an award of attorney fees as if he were in the shoes of Receiver.

10. There the court held that although there was no action in which the stockholder could intervene, "it is not thereby necessarily deprived in all cases of standing to assert its interests. This we take to be the meaning of Judge Westhues' dictum in *Lucas v. Manufacturing Lumbermen's Underwriters,* 349 Mo. 835, 163 S.W.2d 750, 757 (1942):

    The court is the forum where the parties interested may assert their rights and object to any proposal made by the superintendent. So too with reference to the expenses of administration. The court wherein the case is pending is open to anyone who desires to question the reasonableness thereof."

The appellate court noted with approval that the trial court in *Ainsworth* had issued a formal order designating the stockholder an "interested party" and directing the receiver to furnish notice of all proceedings to stockholder and according it the right to hearings on the allowance of claims.

gested, then any objection made by Silverstein will hold little weight with the trial court. In any event, the trial court's duty under § 1938 is plainly stated: the *trial court must fully investigate the compensation,* and the court may not approve the compensation until it appears to the satisfaction of the court that the compensation is justified. Part of the check on a receiver's power is the right of certain identified persons to notice and the right to appear and be heard. The trial court here noted its difficulty in understanding how the rights enumerated in § 1938(C) differed from a written objection. The court noted that if Silverstein could appear at the hearing and object orally, then surely he could also file his objections in written form before the hearing. Receiver acknowledges that Silverstein has objected solely under § 1938(C). The issue in this appeal is therefore necessarily very limited. Under that section, Silverstein clearly is allowed to appear and participate in the hearing on whether to approve requests for compensation of personnel in the receivership proceedings. Whether any other basis may exist for Silverstein to appear or challenge any other part of the receivership proceedings is not part of this decision.

¶ 15 Receiver's final argument is that equity mandates that § 1938 should no longer apply to Silverstein. In this portion of her brief, Receiver repeats her claim that because Silverstein is "a completely financially disinterested estranged shareholder who caused/contributed to this insolvency," then equitably he should not have the rights granted by § 1938.[11] We have addressed this argument above. While this is an equitable proceeding, the language of the statute is clear and does not provide for alteration of the checks on a receiver's claims for compensation based on the acts of those entitled to notice. We have no reason to doubt Receiver's good intentions as fiduciary of Heritage's assets, but Receiver has not suggested who would serve as a check on her claims for compensation if Silverstein was denied the rights afforded by § 1938. We recognize Receiver's frustration with Silverstein's re-

peated objections, but we are constrained by the applicable statutory language.

¶ 16 The Oklahoma Life and Health Insurance Guaranty Association (OLHIGA) has filed a Brief as Amicus Curiae. OLHIGA asserted that it is a priority creditor in the liquidation of Heritage and therefore has a financial interest in this case. OLHIGA argues that as a matter of statutory construction, the fact that certain rights are listed in § 1938(C), yet objecting is omitted, clearly shows that objections are not allowed in hearings to approve compensation of receivership personnel. As explained above, however, if a person entitled to notice may appear and testify, then he may state an objection. The trial court has discretion to enforce District Court Rule 4 by allowing notice of such objection to be filed in advance of the hearing.

¶ 17 Receiving objections from parties entitled to appear at § 1938 hearings is within the trial court's discretion. Accordingly, the trial court's order is AFFIRMED.

MITCHELL, V.C.J., and BELL, J., concur.

---

11. Receiver has asserted that Silverstein was previously under indictment for acts related to Heritage's insolvency, Receiver has not asserted that Silverstein remains under indictment or has been convicted of criminal acts related to this delinquency proceeding.